UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff and Counter-Defendant,

and

THE WAYNE COUNTY DEPARTMENT OF HEALTH,
AIR POLLUTION CONTROL DIVISION,

    Plaintiff,

v.

THE STATE OF MICHIGAN,

    Defendant, Counter-Plaintiff and
    Cross-Plaintiff,

v.

THE CITY OF DETROIT, a municipal
corporation, and THE DETROIT WATER
AND SEWERAGE DEPARTMENT,

    Defendants and Cross-Defendants,

v.

ALL COMMUNITIES AND AGENCIES UNDER
CONTRACT WITH THE CITY OF DETROIT FOR
SEWAGE TREATMENT SERVICES,

v.

THE DETROIT AREA LAUNDRY POLLUTION
CONTROL GROUP, a voluntary, non-profit,
unincorporated association, AND
ITS MEMBERS,

v.

THE FOOD AND ALLIED INDUSTRIES
COMMITTEE OF METROPOLITAN DETROIT,
a voluntary non-profit, unincorporated
association, AND ITS MEMBERS,

    Intervening Rate Challengers.

Civil Action No.
77-71100
Hon. John Feikens

**WTUA'S RESPONSE TO APPOINTED
COMMITTEE'S REPORT ON THE
DEVELOPMENT OF A WATERSHED
ENTITY FOR THE ROUGE RIVER**



1566

## WTUA'S RESPONSE TO APPOINTED COMMITTEE'S REPORT ON THE DEVELOPMENT OF A WATERSHED ENTITY FOR THE ROUGE RIVER

The Western Townships Utilities Authority ("WTUA") responds to James E. Murray's March 1, 1996 letter to the Honorable John Feikens, and the attachments to that letter, which apparently reflect the progress that has been made by a committee appointed by Judge Feikens to develop an acceptable plan of action for the development of a watershed entity for the Rouge River in Wayne, Oakland, and Washtenaw counties.

### PARTICIPATION IN DISCUSSIONS

WTUA, which is an authority consisting of Canton, Northville, and Plymouth Townships, does not seek to be obstructive. Instead, WTUA seeks to be a constructive participant in these proceedings and is concerned that it has had no opportunity for input regarding the work that has been done by others. Participation of Rouge River watershed communities is certainly necessary to achieve consensus building with respect to any watershed entity, and may be necessary to insure that due process is provided to those communities. WTUA assumes that there is no dispute regarding the need for expanded discussions, as indicated by Mr. Murray's letter, as well as Judge Feikens' August 15, 1995 letter to counsel of record. WTUA looks forward to participating in these expanded discussions (on behalf of its constituent townships of Canton, Northville, and Plymouth). WTUA simply notes its concern about lack of participation in discussions to date, and asserts that although the appointed committee's proposal may properly serve as a basis for further expanded discussions, the proposal should not be implemented in any way -- at least not until there is an opportunity for meaningful input from affected communities.

2

## CONCERNS ABOUT PROPOSAL

WTUA recognizes that the appointed committee has done a considerable amount of work. At this time, WTUA is concerned because the regional entity concept is a significant departure from the way stormwater has been handled in the past. Nevertheless, many concerns may be alleviated through participation in future discussions.

WTUA is particularly concerned about how local input/representation would be assured. The formation and maintenance of the regional entity apparently would ignore and usurp local governance. The present proposal seems to envision county dominance and does not insure local input. The appointed committee has proposed a representative committee, which appears to be designed to partially address this matter. The proposal at least needs to be clarified and refined, however. For example: (1) the Drain Code does not provide for such an entity, so legislative action may be necessary to effectuate the desired results; (2) the proposed representative committee's purposes and powers are unclear (what would it vote on; could its votes be ignored, etc.); and (3) local communities should select their own representatives to serve on any representative committee, unlike the present proposal which calls for representatives to be named by the Drainage Board and Augmented Drainage Board.

WTUA is also concerned about how costs of future improvements or activities would be allocated, and whether credit would be given for improvements or benefits that have already been achieved. Further, WTUA questions whether there might be problems in ultimately paying for future improvements made by the regional entity. For example, concerns were raised regarding the Headlee Amendment to the Michigan Constitution at the September 14, 1992 hearing regarding Charles Moon's recommendation to use Section 22 of the Drain Code as a base to create a watershed regional entity to deal with water management in the Rouge Basin (Tr 7-20).

3

Finally, WTUA is concerned that, under the appointed committee's proposal, the City of Detroit does not appear to be involved in the Drainage District, and Washtenaw County's involvement is unclear.

### REQUEST FOR RELIEF

WTUA respectfully requests to participate in discussions regarding the potential development of a watershed entity for the Rouge River in Wayne, Oakland, and Washtenaw counties.

        Respectfully submitted,

        FOSTER, SWIFT, COLLINS & SMITH, P.C.
        Attorneys for Western Townships Utilities Authority

Dated: April 4, 1996        By: _____
        James M. Alexander (P23289)
        Charles A. Barbieri (P31793)
        Stephen J. Rhodes (P40112)

s:\144\wtua\watershed.bri

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THE UNITED STATES OF AMERICA,

    Plaintiff and Counter-Defendant,

and

THE WAYNE COUNTY DEPARTMENT OF HEALTH,
AIR POLLUTION CONTROL DIVISION,

    Plaintiff,

v.

THE STATE OF MICHIGAN,

    Defendant, Counter-Plaintiff and
    Cross-Plaintiff,

v.

THE CITY OF DETROIT, a municipal
corporation, and THE DETROIT WATER
AND SEWERAGE DEPARTMENT,

    Defendants and Cross-Defendants,

v.

ALL COMMUNITIES AND AGENCIES UNDER
CONTRACT WITH THE CITY OF DETROIT FOR
SEWAGE TREATMENT SERVICES,

v.

THE DETROIT AREA LAUNDRY POLLUTION
CONTROL GROUP, a voluntary, non-profit,
unincorporated association, AND
ITS MEMBERS,

v.

THE FOOD AND ALLIED INDUSTRIES
COMMITTEE OF METROPOLITAN DETROIT,
a voluntary non-profit, unincorporated
association, AND ITS MEMBERS,

    Intervening Rate Challengers.

Civil Action No.
77-71100
Hon. John Feikens

**WTUA'S RESPONSE TO
PETITION OF CITY OF DETROIT
CONCERNING REALLOCATION OF
COSTS OF THE COURT'S MONITOR,
PROFESSOR JONATHAN W. BULKLEY,
AND ALLOCATION OF COSTS OF THE
COURT'S EXPERT MASTER,
CHARLES R. MOON**



## WTUA'S RESPONSE TO PETITION OF CITY OF DETROIT CONCERNING REALLOCATION OF COSTS OF THE COURT'S MONITOR, PROFESSOR JONATHAN W. BULKLEY, AND ALLOCATION OF COSTS OF THE COURT'S EXPERT MASTER, CHARLES R. MOON

The Western Townships Utilities Authority ("WTUA") responds to the March 1, 1996 petition of City of Detroit Concerning the Reallocation of Costs of the Court's Monitor, Professor Jonathan W. Bulkley, and Allocation of Costs of the Court's Expert Master, Charles R. Moon ("Detroit's Petition") as follows:

1.  WTUA does not know what costs Detroit seeks to allocate or reallocate. WTUA has not received a copy of Dr. Jonathan Bulkley's bill, and Mr. Charles Moon apparently has not generated one. Since WTUA has been a relatively inactive participant in these proceedings, WTUA questions whether any of the costs at issue even relate to WTUA or its constituent communities (the Townships of Canton, Northville, and Plymouth). WTUA emphasizes that it does not object or otherwise take a position with respect to the work that has been done by Dr. Bulkley and Mr. Moon. Instead, WTUA and its member communities are concerned about being burdened with unknown costs relating to unknown activities.

2.  WTUA is also concerned that Detroit's proposed basis for allocating and reallocating costs is unclear, and questions whether Detroit is actually seeking a ruling that would extend beyond the relatively small amount of money that appears to be directly at issue. Apparently, Detroit proposed a change in the formula that has been in place since 1989, which currently does not involve WTUA. Thus, WTUA has not concerned itself with costs incurred by more active participants in these proceedings. It would be unfair to allocate or reallocate costs retrospectively among non-participants at this late date. Any allocation of costs should be prospective only, and should occur (if at all) only with a sound basis and the participation of any affected communities.

2

3.  WTUA may have specific objections in the event that Detroit's petition moves forward and the above matters are clarified.

>Respectfully submitted,
>
>FOSTER, SWIFT, COLLINS & SMITH, P.C.
>Attorneys for Western Townships Utilities Authority

Dated: April 4, 1996        By: _____
>James M. Alexander (P23289)
>Charles A. Barbieri (P31793)
>Stephen J. Rhodes (P40112)

s:\144\wtua\oppcost.bri

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff and Counter-Defendant,

and

THE WAYNE COUNTY DEPARTMENT OF HEALTH,
AIR POLLUTION CONTROL DIVISION,

    Plaintiff,

v.

THE STATE OF MICHIGAN,

    Defendant, Counter-Plaintiff and
    Cross-Plaintiff,

v.

THE CITY OF DETROIT, a municipal
corporation, and THE DETROIT WATER
AND SEWERAGE DEPARTMENT,

    Defendants and Cross-Defendants,

v.

ALL COMMUNITIES AND AGENCIES UNDER
CONTRACT WITH THE CITY OF DETROIT FOR
SEWAGE TREATMENT SERVICES,

v.

THE DETROIT AREA LAUNDRY POLLUTION
CONTROL GROUP, a voluntary, non-profit,
unincorporated association, AND
ITS MEMBERS,

v.

THE FOOD AND ALLIED INDUSTRIES
COMMITTEE OF METROPOLITAN DETROIT,
a voluntary non-profit, unincorporated
association, AND ITS MEMBERS,

    Intervening Rate Challengers.

Civil Action No.
77-71100
Hon. John Feikens

**CERTIFICATE OF SERVICE**

FILED
APR 4 3 12 PM '96
U.S. DISTRICT COURT
EAST. DIST. MICH.
DETROIT

## CERTIFICATE OF SERVICE

On this 4th day of April, 1996, I served copies of WTUA's Response to Appointed Committee's Report on the Development of a Watershed Entity for the Rouge River; WTUA's Response to Petition of City of Detroit Concerning Reallocation of Costs of the Court's Monitor, Professor Jonathan W. Bulkley, and Allocation of Costs of the Court's Expert Master, Charles R. Moon; and this proof of service upon all persons listed on the attached service list by mailing same via first class mail to their respective addresses.

I declare that the above statements are true to the best of my information, knowledge and belief.

_____
Karen O. Mockler

s:\144\wtua\proof