UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff and Counter-Defendant,

Civil Action No. 77-71100
Honorable John Feikens

vs.

STATE OF MICHIGAN,

    Defendant and Cross-Plaintiff
    And Cross-Defendant,

vs.

CITY OF DETROIT, a municipal corporation, and
DETROIT WATER AND SEWERAGE DEPARTMENT

    Defendant and Cross-Plaintiff,

vs.

ALL COMMUNITIES AND AGENCIES UNDER
CONTRACT WITH THE CITY OF DETROIT FOR
SEWAGE TREATMENT SERVICES

*et al.*

    _____/

**OPINION AND ORDER**

    For unspecified reasons, Oakland County challenges my subject matter jurisdiction over a dispute filed under this case number between the Detroit Water and Sewerage Department (DWSD) and Macomb County. The dispute centers around how the costs of repairing an interceptor collapse under 15 Mile Road in Sterling Heights should be allocated. For the reasons below, I find that I have jurisdiction. My jurisdiction could depend on any of a number of different documents filed over the 28 years I have been overseeing this case. However, since my

jurisdiction derives in the first instance from the current Consent Judgment's language, I will limit this Opinion and Order to that document.

**The Consent Judgment**

In 1977, the first Consent Judgment between all the parties was entered, and it was amended in 1980 and in 2000. Therefore, the Consent Judgment currently in place is the Second Amended Consent Judgment. (Second Amended Consent Judgment, Section VIII, ¶B.) There are several provisions of the current Consent Judgment that bear on the matter before me.

The last paragraph of the section labeled "General History" notes that the Special Administrator (and therefore, by implication, this Court) may exercise the powers of the Board of Water Commissioners, which is the entity the City of Detroit's charter designates as the governing body of DWSD. (Second Amended Consent Judgment, 4.) One of those powers is rate-setting, an essential power to ensure that the Consent Judgment's intensive financial demands in the form of construction, operation, and maintenance costs are and continue to be met. In the interceptor dispute, there is a motion challenging the rate structure.

Paragraph B1 of the "Supplemental Environmental Projects" section of the Second Amended Consent Judgment requires, among other things, that DWSD "assess the current and projected operational status of all significant system components, their state of repair condition, and their projected major maintenance and replacement status." (Id. at 11.) The paragraph makes clear that representatives of DWSD and the Counties of Wayne, Oakland and Macomb, were appointed to determine the scope of services, select a contractor, and oversee this assessment. I note that in the interceptor collapse dispute, Macomb County is now requesting a preliminary injunction requiring "an independent study of the condition of the entire Interceptor

with the purpose of identifying all sections of the Interceptor which are at risk for failure and recommending a program of inspection and maintenance intended to prevent any additional failures." (Mt. for a Prelim. Inj. at 3, ¶5.) Therefore, there seems a potential overlap with or duplication of the requirements of the Second Amended Consent Judgment, and interpretation of the Consent Judgment is in this Court's jurisdiction.

Finally, section seven of the Second Amended Judgment, titled "Dispute Resolution", reads: "Any party may apply to this Court for such further orders, directions and/or relief as may be appropriate under the circumstances." (Second Amended at 13.) In this case, a party has applied to this Court for further orders and relief.

Therefore, I have jurisdiction of this dispute under the terms of the Second Amended Consent Judgment.

**CONCLUSION**

I find that under the terms of the Second Amended Consent Judgment, I have jurisdiction over the dispute regarding the allocation of costs for the interceptor collapse.

**IT IS SO ORDERED.**

Date:  August 2, 2005                           s/John Feikens
                                                United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on August 2, 2005, by U.S. first class mail or electronic means.
>
>                       s/Carol Cohron
>                       Case Manager