# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff and Counter-Defendant,

Civil Action No. 77-71100
Honorable John Feikens

vs.

STATE OF MICHIGAN,

    Defendant and Cross-Plaintiff
    And Cross-Defendant,

vs.

CITY OF DETROIT, a municipal corporation, and
DETROIT WATER AND SEWERAGE DEPARTMENT

    Defendant and Cross-Plaintiff,

vs.

ALL COMMUNITIES AND AGENCIES UNDER
CONTRACT WITH THE CITY OF DETROIT FOR
SEWAGE TREATMENT SERVICES

*et al.*

_____/

## OPINION AND ORDER

An interceptor under 15 Mile Road in Sterling Heights collapsed last year, and the parties to this case currently dispute the allocation of the costs of the repairs. Specifically, Macomb County seeks to have the costs of the repair borne by Detroit alone or the overall Detroit Water and Sewerage Department (DWSD) system. DWSD is currently allocating the costs entirely to Macomb County. Wayne and Oakland Counties oppose Macomb's request to have the costs spread system-wide.

Macomb County now brings a five-part preliminary injunction motion. First, it makes two requests that essentially seek protection from paying DWSD money until the dispute is adjudicated or settled. Second, it makes two requests for documents that differ only from normal discovery requests in that Macomb requests I order DWSD not to produce documents, but to write reports summarizing documents I expect DWSD will be asked to produce as this legal dispute continues. Fourth, Macomb requests that if DWSD has not already investigated the cause of the collapse, I order it to do so. Fifth, Macomb asks me to simultaneously duplicate DWSD's inspection, and then recommend " a program of inspection and maintenance." (Mot. ¶ 5.) For the reasons below, none of these requests can be properly granted as part of a preliminary injunction, and therefore the motion is DENIED.

**FACTUAL BACKGROUND**

The 2005/2006 DWSD rate schedule for Macomb County, which is now in place, includes an annual amortization of the 2004 repair costs to the interceptor. The interceptor also required multimillion dollar repairs in 1978 and 1980, and the allocations of those costs were determined in court-approved settlements.

Macomb County now seeks an injunction with the following provisions: (1) a prohibition against applying more than $300,000 of the cost of repairing the interceptor collapse to Macomb's rates this year, or in the alternative, charging $3 million to the Emergency Repair and Replacement Fund; (2) an order that DWSD file a report detailing the past, current, and future maintenance, inspection, repair, and refurbishing of the interceptor (beginning in 1980); and (3) if no investigation has taken place, an order to DWSD to conduct one. Finally, Macomb County asks me to convene a study of the condition of the entire interceptor and recommend a program

of inspection and maintenance for it.

**ANALYSIS**

**A. Preliminary Injunction Standard**

The issuance of a preliminary injunction is governed by Fed. R. Civ. P. 65. A preliminary injunction is the strong arm of equity which should not be extended to cases that are doubtful or do not come within well-established principles of law. Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, 471 F.2d 872, 876 (6th Cir. 1972), cited for this proposition by Am. Civil Liberties Union of Kentucky v. McCreary County, 354 F.3d 438 (6th Cir. 2003). There are four factors to be balanced when considering a motion for a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." Rock and Roll Hall of Fame & Museum, Inc. v. Gentile Prods., 134 F.3d 749, 753 (6th Cir. 1998). These are factors to be balanced, not prerequisites that must be met, with the exception that the movant must show irreparable injury. Washington v. Reno, 35 F.3d 1093, 1098 (6th Cir. 1994); Brown v. Chote, 411 U.S. 452, 456 (1973).; United States v. Miami University, 294 F.3d 797, 816 (6th Cir. 2002). Harm is not irreparable if it is fully compensable by money damages. Basicomputer Corp. v. Scott, 973 F.2d. 507, 511 (6th Cir. 1992). The movant carries the burden of persuasion, and the proof required to obtain a preliminary injunction exceeds that required to survive a summary judgment motion. Leary v. Daeschner, 228 F.3d 729, 739 (6th Cir. 2000), citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871 (1990).

**B.  Request to Prevent New Rate Schedule from Taking Effect**

Macomb first asks that I order DWSD not to impose on Macomb County a $3 million charge for Fiscal Year 2005-2006 relating to the 2004 interceptor collapse.  On its face, this is nothing more than a request to prevent monetary damage, for which a preliminary injunction cannot issue.[1]  Macomb urges me, however, to characterize this as a request for an injunction to prevent the irreparable harm resulting from a violation of Macomb ratepayers' due process rights guaranteed by the U.S. Constitution.  It argues that the adoption of the 2005-2006 rate schedule, which includes interceptor repair costs for Macomb County only, is in effect a retroactive changing of a Water Board rule that applied at the time of the interceptor repairs.  (Reply Br. at 3-4.)

The ingenuity of this argument cannot remedy its inherent weakness.  It is an inescapable fact that the harm that Macomb County's ratepayers will suffer from this alleged violation of their Constitutional rights is overwhelmingly monetary in nature, and can be legally remedied by employing the standard procedure of look-back adjustments to future water rates should Macomb prevail.  When preliminary injunctions issue for alleged due process violations, irreparable harm exists when there is "no legal avenue open [...] by which to recoup [] financial losses."  See Mich. Bell Telephone Co. v. Engler, 257 F.3d 587, 598 (6th Cir. 2001); see also Cooper v. Salazar, 196 F.3d 809, 817 (7th Cir. 1999) ("the district court would not be able to grant any legal relief in the event that the procedures are found to be defective").

---

[1] Macomb argues that its ratepayers are low-income and do not have the luxury of saying, "It's only money." (Reply Br. at 1.)  The rule that equitable remedies cannot issue when the damages are monetary in nature has been ingrained in law for "half a millennium or so," and no judge within the English common law tradition has the luxury of ignoring it.  Douglas Laycock, Modern American Remedies 7 (3rd ed., 2002).

Because Macomb County has not met its burden in demonstrating it will suffer irreparable harm if an injunction does not issue, and because irreparable harm must be shown for a remedy to issue in equity, I DENY the request for an injunction to stop the current rate schedule from taking effect.

**C.  Requests for Reports from DWSD**

As discussed above, Macomb County next requests that as preliminary relief, I order DWSD to prepare two reports, one detailing inspection, maintenance, etc. in the past and future, and one report on its investigation into the cause of the 2004 collapse.  I am at a loss to understand how ordering DWSD to produce these reports either maintains the status quo or prevents irreparable harm.  United States v. Edward Rose & Sons, 384 F.3d 258, 261 (6th Cir. 2004) (the purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits).  I believe that the information Macomb seeks me to order at this stage of the proceedings is likely to be elicited from any discovery requests or interrogatories made in the course of this litigation, and I fail to understand how requiring DWSD to summarize it in a report at this time could possibly avert irreparable harm.  Again, because irreparable harm must be shown for a remedy to issue in equity, I DENY the request for a preliminary injunction requiring such reports.

**D.  Request for Court's Inspection of Interceptor Setting of Maintenance Schedule**

Macomb's final request, which read literally as part of the motion for an injunction, is a request that I order myself to do something, is again not an appropriate one to grant at this stage

of the proceedings.[2]  Right now, I have nothing before me to indicate that inspections of the interceptor have not already been conducted.  I have nothing to indicate that the inspection and maintenance schedules in place are inadequate.  A request that I order myself to do something that all parties may later discover has already been done to everyone's satisfaction is not a request to preserve the status quo.  It is not a request to prevent irreparable harm.  Therefore, it is a request I am required to DENY.

**CONCLUSION**

Because Macomb County has failed to demonstrate irreparable harm will occur without the issuance of a preliminary injunction, I DENY the motion for a preliminary injunction in its entirety.

**IT IS SO ORDERED.**

Date:  August 19, 2005                         S/John Feikens

                                               United States District Judge

<div style="border:1px solid">

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on August 19, 2005, by U.S. first class mail or electronic means.

S/Carol Cohron
Case Manager

</div>

---

[2] Although this raises an interesting question about what the remedy would be if I failed to follow my own order, because I am not granting the request, I need not explore it.