UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff and Counter-Defendant,

vs.                                                          Civil Action No. 77-71100
                                                          Honorable John Feikens

STATE OF MICHIGAN,

    Defendant and Cross-Plaintiff
    And Cross-Defendant,

vs.

CITY OF DETROIT, a municipal corporation, and
DETROIT WATER AND SEWERAGE DEPARTMENT,

    Defendant and Cross-Plaintiff,

vs.

ALL COMMUNITIES AND AGENCIES UNDER
CONTRACT WITH THE CITY OF DETROIT FOR
SEWAGE TREATMENT SERVICES,

*et al.*
                                                     /

**OPINION AND ORDER REGARDING MACOMB COUNTY'S PETITION
CHALLENGING DWSD SEWER RATES RE EMERGENCY RADIO SYSTEM**

       On March 10, 2005, Macomb County filed a petition challenging DWSD sewer rates regarding the emergency radio system. On the same day, Macomb also filed a Response to the Report of the Special Master.

       In my Opinion and Order of January 5, 2006 in this case, I denied those portions of a motion requesting relief relating to this contract as unripe due to the Special Master's ongoing

investigation and the potential for the requested relief to be ordered absent any request by the parties.[1]  409 F. Supp. 2d 883, 890.  That Opinion and Order stated that "[a]ny specific points that might remain could then be brought at that time in the normal procedure, i.e., in the form of objections to the Special Master's Report and Recommendation."  Id. at 890.  I further held that "there is little hardship to the parties of delaying action until the Special Master can make his reports and recommendations *and this Court can act on them*."  Id. (emphasis added).

This Court has not yet acted on the Report and Recommendation of the Special Master.  Therefore, by the plain language of the previous Opinion and Order, the Petition Challenging DWSD Sewer Rates re Emergency Radio System is procedurally faulty.  Either these issues should have been brought in the form of objections to that Report and Recommendation, or, if the issues they raise are unaddressed by the Special Master's Report and Recommendation and hence not objectionable under the normal procedure set forth in this Court's Local Rules, they remain unripe until this Court acts on the Report and Recommendation.

Presumably, Macomb County does not wish to have its petition dismissed for lack of ripeness.  The petition was filed in the time period permitted under our Local Rules and the Federal Rules of Civil Procedure for objections a Report and Recommendation, so in this instance, I will exercise my discretion and excuse the procedural error of filing them as a separate petition and treat them as if they had been filed as objections.[2]  To the extent this would

---

[1] I denied Macomb's Motion for Reconsideration on January 23, 2006, because the requested clarification about the impact of a dismissal for ripeness was not necessary.

[2] As soon as the petition was filed, this Court contacted the law firm of the Special Master and made a request that conflict screening in line with this Court's previous orders regarding screening be instituted to prevent any conflicts from arising before this Court could issue an order formalizing this screening.  The firm's ethics counsel has informed this Court that it immediately took these measures, and that the Special Master has had no communications that would be governed by such an order.  Therefore, the consideration of this petition as an objection will not cause a conflict with outstanding screening orders regarding this broader dispute.

2

cause Macomb County to exceed the permitted page limits under those rules, I permit the filing of excess pages.

**IT IS SO ORDERED**.

Date:  March 20, 2006                                  s/John Feikens

                                                         United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on March 20, 2006, by U.S. first class mail or electronic means.

                                    s/Carol Cohron
                                    Case Manager