UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff and Counter-Defendant,

vs.                                                                                                  Civil Action No. 77-71100
                                                                                               Honorable John Feikens

STATE OF MICHIGAN,

    Defendant and Cross-Plaintiff
    And Cross-Defendant,

vs.

CITY OF DETROIT, a municipal corporation, and
DETROIT WATER AND SEWERAGE DEPARTMENT,

    Defendant and Cross-Plaintiff,

vs.

ALL COMMUNITIES AND AGENCIES UNDER
CONTRACT WITH THE CITY OF DETROIT FOR
SEWAGE TREATMENT SERVICES,

*et al.*

___

**OPINION AND ORDER ALLOWING WAYNE COUNTY
TO PARTICIPATE IN PROCEEDINGS REGARDING RAFTELIS REPORT**

    Oakland and Macomb Counties filed papers in this case objecting to certain aspects of the Detroit Water and Sewerage Department (DWSD) rates, based on an expert report (the Raftelis Report). In April I held a scheduling conference regarding the matters in the report, which Wayne County did not request to join and which I did not invite them to join. Wayne

1

County now asks to be able to "fully participate going forward in all aspects regarding the Raftelis Report issues as a part to this case." (Letter from Patrick McCauley to Judge Feikens, May 4, 2006, 1.)  Upon receipt of the letter, this Court informed Wayne County that it was welcome to participate, and that this Court had not realized Wayne County sought to participate before that time.

The following day, however, DWSD objected to Wayne County's participation, arguing that its failure to file pleadings on the Raftelis Report issues meant that Wayne County "had no right" to participate in proceedings concerning that Report. (Objections ¶ 2.)  Wayne County has since responded that as a party to this case, it has a right to participate in the proceedings of this case. (Br. of May 5, 2006, 1.)  Wayne County is correct.  The Federal Rules of Civil Procedure require that every single party to a case be served with "every paper relating to discovery [...] unless a court otherwise orders" and further require that a large number of other notices be served on every party.  Rule 5.1(a).  Due to the large number of parties in this case, and the fact that this case is in post-trial position procedurally, this Court has not and does not require that every discovery request or answer related to every dispute be served on every party.  All parties that demonstrate a potential injury and interest in a particular dispute, however, have a right to participate in proceedings regarding that dispute.  Wayne County satisfies both criteria.

Wayne County is more than just a wholesale wastewater customer of DWSD; it is also a named party to this case, as are all other communities and agencies under contract with the City of Detroit for sewage treatment services.  I joined most of these parties to this case in the 1970s precisely because I believed these governments needed to be at the table.  Wayne County has standing to participate in this dispute, and as a party to this case, must be allowed to do so.

Therefore, the objections of DWSD of May 4, 2006 are DENIED.

**IT IS SO ORDERED.**

Date:  May 18, 2006                                s/John Feikens
                                                   United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on May 18, 2006, by U.S. first class mail or electronic means.
>
> s/Carol Cohron
> Case Manager