UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff and Counter-Defendant,

vs.

STATE OF MICHIGAN,

    Defendant and Cross-Plaintiff
    And Cross-Defendant,

vs.

CITY OF DETROIT, a municipal corporation, and
DETROIT WATER AND SEWERAGE DEPARTMENT,

    Defendant and Cross-Plaintiff,

vs.

ALL COMMUNITIES AND AGENCIES UNDER
CONTRACT WITH THE CITY OF DETROIT FOR
SEWAGE TREATMENT SERVICES,

*et al.*
_____/

Civil Action No. 77-71100
Honorable John Feikens

## JUDICIAL ADJUNCT'S LETTER RE MEETING

In accordance with paragraph four of this Court's order of appointment, as per the Court's request, the Judicial Adjunct attended a meeting of a group concerned with regional water quality infrastructure issues. The enclosed letter regarding that meeting is hereby provided to all parties through filing.

                                            s/ Valerie J. M. Brader (P66401)
                                            Bodman LLP
                                            201 S. Division St., Ste. 400
                                            Ann Arbor, MI 48104
                                            vbrader@bodmanllp.com

## PROOF OF SERVICE

I certify that on July 2, 2010, I caused to be served a copy of Judicial Adjunct's Letter re Meeting upon:

Charles E. Barbieri, Jonathan W. Bulkley, Peter A. Caplan, Joseph W. Colainne, George G. Constance, Timothy L. Cronin, Ernest J. Essad, Jr., Robert J. Franzinger, Beth S. Gotthelf, R. Craig Hupp, George Kemsley, Charles S. Kennedy, III, Annette M. Lang, F. Thomas Lewand, Robert A. Marzano, Patrick B. McCauley, Marilyn A. Peters, David W. Potts, Jaye Quadrozzi, Barry A. Seifman, John D. Staran, David S. Steingold, Wayne E. Walker, Robert C. Walter, Avery K. Williams, and Rodger D. Young via electronic mail from this Court, and upon

**John H. Fildew**
Fildew Hinks, PLLC
26622 Woodward Avenue
Suite 225
Royal Oak, MI 48067

**Robert J. Hribar**
16931 19 Mile Road
Mount Clemens, MI 48044

**Mark D. Jacobs**
Dykema Gossett (Detroit)
400 Renaissance Center
Detroit, MI 48243-1668

**Charles E. Lowe**
Lowe, Lewandowski,
905 W. Ann Arbor Trail
Plymouth, MI 48170

**Pamela J. Stevenson**
Michigan Department of Attorney General
P.O. Box 30755
Lansing, MI 48909

by placing the same in the United States mail with first class postage fully prepaid.

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my information, knowledge, and belief.

<div style="text-align:right">
s/ Valerie J. M. Brader (P66401)
Bodman LLP
201 S. Division St., Ste. 400
Ann Arbor, MI 48104
vbrader@bodmanllp.com
</div>

**VALERIE J. M. BRADER**
VBRADER@BODMANLLP.COM
734-930-2489

BODMAN LLP
SUITE 400
201 SOUTH DIVISION STREET
ANN ARBOR, MICHIGAN 48104
734-930-2494 FAX
734-761-3780



July 2, 2010

Re:  Meeting with ESD/Blue Ribbon Panel

Judge Feikens requested that I attend the initial meeting of the "blue ribbon panel" of engineers that was assembled by Robert Buckler, COO of the City of Detroit. *See* Order of Appointment, paragraph 4. The panel was assembled with the assistance of the Engineering Society of Detroit. This letter summarizes what information I gave to the group so all parties can be aware of the nature of the meeting.

The blue ribbon panel has been requested to provide Mr. Buckler with a report regarding steps that can be taken to help the Detroit Water and Sewerage Department wastewater treatment plant comply with Clean Water Act requirements. In compliance with the Judge's request, I attended the initial meeting of this group on June 21st in order to provide them with information regarding the background of the case and how the legal requirements in this case came to be. Jonathan Bulkley also attended, and provided information regarding his history with the case and the general operation of the plant.

All members of the panel had been provided by Mr. Buckler with the copies of the June reports by Dr. Bulkley and myself (Docket Nos. 2292 and 2296). Dr. Bulkley explained that the appendix of his most recent report was an excerpt of the larger report prepared by the Committee of Investigation (Docket No. 1649). The Committee requested and I provided copies of the full report.

I explained the role of the "Special Administrator," including the history of the individuals who had held that role, and summarized the powers that were delegated to that individual in past orders, and indicated the position had ended midway through the term of Mayor Kilpatrick. I also explained the roles played by the "Special Master" and "Judicial Adjunct," and indicated that Mr. Bulkley had predated all of us, with the title of "Court Monitor." For all three individuals, I indicated our main role was to advise the Court, although on different matters, and referenced some of the powers listed in the appointment orders for Mr. Lewand and myself. I also indicated that the Infrastructure Management Group worked under an order of the Judge, and reviewed all contracts as well as providing certain services requested by the Director with the approval of the Judge. I indicated IMG had also prepared a succession report at the Judge's request several years ago regarding strategies for coping with the large number of retirements, but that after an order to show cause on the topic, had not imposed any legal requirement to carry out its recommendations.

In addition, I summarized the recent history of directors (Mr. Mercado with Mr. Fujita as the deputy, followed by Mr. Adams, followed by Ms. Turner). I also gave


July 2, 2010
Page 2

the chronological sense of the turnover at the plant itself, noting that the retirement of the former wastewater manager and her replacement by Mr. Kuplicki was fairly recent, and thus the changes in leadership at the plant had occurred in the same relative time frame as the start of the recent turnover at the director/assistant director level.

In response to a question about whether any long-term planning had been done regarding the WWTP plant, I indicated that the Court had been briefed on a study had been done of incineration options in the future by Malcolm Pirnie. That study was referenced in some of the quarterly reports as well.

I noted that the capital improvement plan that had been developed at the time of the last series of violations had many assumptions, including that rates would rise an average of 7 percent a year. I also indicated that the City Council had always approved recommended rate increases in recent years, but that the votes had been close and the timing had often been later than requested by the Department. I also indicated that the Court had concerns regarding the affordability of certain obligations, namely the proposed Upper Rouge Tunnel, in part because the resulting increase in rates would have created a hardship by all EPA measures. I noted that I had been asked to investigate this and attend meetings with MDNRE, suburban customers, and the then-DEQ regarding affordability issues.

The group asked several questions regarding my report. They asked why a listing of the available centrifuges had not been included. I indicated that was because the reports did not require that information, and the narrative portions of the report, which vary in their detail, had not included that information as they had the incinerators. In addition, they asked what kind of reporting is required by the Court. I pointed the parties to the Committee of Investigation report as the genesis of the Quarterly Reports, and also clarified that my understanding is that reports provided to customers in the TAC and other groups included reports other than the Quarterly Reports, and varied in format. I indicated that my recommendation to the Court was that the Quarterly Reports be corrected so they could be useful, and that any change in the Reports would have to be accepted by MDNRE as well as the Court. There was also a general question voiced regarding why no outside group had been brought in to repair centrifuges. I read from a recent quarterly report noting that such a contract had been enacted several months ago.

s/ Valerie J. M. Brader (P66401)