UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                   Honorable Sean F. Cox

City of Detroit, *et al.*,                      Case No. 77-71100

    Defendants.
_____/

## OPINION & ORDER
## DENYING MOTION TO INTERVENE (DOCKET ENTRY NO. 2343)

This matter is currently before the Court on a Motion to Intervene (Docket Entry No. 2343). The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons that follow, the Court shall DENY the Motion to Intervene.

### BACKGROUND

This action, which was commenced in 1977 and has been ongoing since that time, has an incredibly long factual and procedural history that need not be presented here for purposes of the pending motion.

The Environmental Protection Agency initiated this action in 1977 against various defendants, including the City of Detroit and the Detroit Water and Sewerage Department ("the DWSD"), alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq*. The alleged violations involve the DWSD's waste water treatment plant and its National Pollutant Discharge

1

Elimination System ("NPDES") permit.

Beginning in September, 2009, the DWSD has again been cited for serious permit violations involving the waste water treatment plant.

In December of 2010, a federal Grand Jury issued a thirty-eight count federal indictment against Kwame Kilpatrick, the former Mayor of Detroit (and the former Special Administrator of the DWSD), Victor Mercado, the former Director of the DWSD, Bobby Ferguson, the owner of various construction companies that obtained contracts for work to be performed for DWSD, and other individuals.

On January 26, 2011, the Oakland County Drain Commission filed a motion seeking the appointment of an interim regional management committee to operate the DWSD. (Docket Entry No. 2327). After that motion was filed, this Court held status conferences with representatives of the DWSD, the City of Detroit, and Wayne, Oakland, and Macomb counties. Those conferences were held on five separate days – February 4, 7, 8, 9 and 11, 2011. (*See* Docket Entries for same), wherein the parties extensively discussed resolution of various issues in this action. Those discussions and negotiations ultimately led to the parties entering into a Stipulated Order that was entered by this Court on February 11, 2011 (Docket Entry No. 2334). In the Stipulated Order, the parties: 1) agreed to certain changes as to the Board of Water Commissioners that oversees the DWSD; 2) agreed that the Oakland County Drain Commission's Motion for Appointment of Interim Regional Management Committee would be withdrawn; and 3) agreed that within six months of the date of the order, any party could file a motion seeking to end this action.

On March 24, 2011, Hassan Aleem ("Aleem") and Carl Williams ("Williams") filed a

2

motion seeking to intervene in this action under FED. R. CIV. P. 24. (Docket Entry No. 2343). Neither Aleem nor Williams identify themselves as attorneys. Aleem and Williams each signed the Motion to Intervene as an "Authorized representative of Concern Citizens & Member of Hoodresearch" – not on their own behalf. (Docket Entry No. 2343 at 9). Contrary to the provisions of FED. R. CIV. P. 24, the Motion to Intervene was not "accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). The Motion to Intervene asserts that Aleem and Williams are residents of the City of Detroit, that they are the "owners of the Detroit water and sewerage" department, and that they object to the February 11, 2011 Stipulated Order ("the Stipulated Order") that was entered in this action. (Docket Entry No. 2343 at 2). They assert that the Stipulated Order "is frivolous and violates the Detroit City Charter." (*Id*. at 3). They further assert that the Stipulated Order "is invalid and is in violation of Federal Rule of Civil Procedure" 7(b). (*Id*.).

While their Motion to Intervene was still pending, thus without being actual parties to this action, Aleem and Williams filed an additional submission on July 8, 2011 (Docket Entry No. 2357). They filed the same or similar document again on July 13, 2011. (Docket Entry No. 2361). In these submissions, Aleem and Williams contend that this Court abused its authority by issuing a briefing schedule for the Motion to Intervene.

## ANALYSIS

**I.  The Court Shall Deny The Pending Motion Because Neither Aleem Nor Williams May Represent The Entities On Whose Behalf They Signed And Filed The Motion To Intervene.**

Before considering the merits of the pending Motion to Intervene, the Court shall consider a threshold issue – the identity of the proposed intervenor(s).

Aleem and Williams filed the pending Motion to Intervene on March 24, 2011. (Docket Entry No. 2343). Neither Aleem nor Williams have identified themselves as attorneys and they indicate that are proceeding "*pro se.*"

It is well-established that a party appearing in federal court must proceed either through licensed counsel or on his or her own behalf. *See* 28 U.S.C. § 1654; *see also* FED. R. CIV. P. 11(a) ("[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's individual name, – or by a party personally if the party is unrepresented."). No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002); *Pridgen v. Anderson*, 113 F.3d 391, 393 (2d Cir. 1997) (*Pro se* denotes appearance "for one's self;" a person may not appear *pro se* on behalf of another person or entity.); *Nouri v. TCF Bank*, 2011 WL 836764 at * 3 (E.D. Mich. 2011). Where a person attempts to proceed *pro se* on behalf of another person or entity, the appropriate remedy is dismissal. *Id.*; *see also Jackson v. Caldwell*, 2009 WL 4042917 (E.D. Mich. 2009). Thus, Aleem and Williams may not represent other individuals or entities in any federal court action, including this one.

Notably, Aleem and Williams each signed the Motion to Intervene as an "Authorized representative of Concern Citizens & Member of Hoodresearch" – not on their own behalf. (Docket Entry No. 2343 at 9).[1] Accordingly, the Court shall deny the Motion to Intervene

---

[1] Aleem and Williams have previously filed several actions on their own behalf in state and federal courts in Michigan (*see* Ex. 1 to Def. City of Detroit's Br.), and have previously filed Motions to Intervene on their own behalf. (*See, e.g.* Docket Entry No. 6 in Case No. 06-11684). Thus, this Court does not presume that Aleem and Williams intended to file the pending Motion to Intervene on their own behalf.

because neither Aleem nor Williams may represent the entities on whose behalf they signed and filed the Motion to Intervene.

**II.     Assuming *Arguendo* That Aleem And Williams Had Filed The Motion To Intervene As Individuals Acting On Their Own Behalf, The Court Would Deny The Motion On The Merits.**

Assuming *arguendo* that Aleem and Williams had filed the Motion to Intervene as individuals acting on their own behalf, the Court would nevertheless deny the motion on the merits for the following reasons.

**A.     The Proposed Intervenors Have Failed To Meet Their Burden Of Establishing That They Are Entitled To Intervention As Of Right.**

Rule 24(a) of the Federal Rules of Civil Procedures entitles certain parties to intervene in a lawsuit as of right and provides in pertinent[2] part that upon timely motion, the court must permit anyone to intervene who:

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P.24(a).

The Sixth Circuit has explained that a proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and

---

[2] FED. R. CIV. P. 24(a) also provides for intervention of right where a person is "given an unconditional right to intervene by a federal statute." Here, however, the Motion to Intervene does not seek intervention based upon an unconditional right to intervene by any federal statute.

(4) the parties already before the court cannot adequately protect the proposed intervenor's interest. *Coalition to Defend Affirmative Action v. Granholm,* 501 F.3d 775, 779 (6th Cir. 2007).

It is the proposed intervenor's burden to "prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). The proposed intervenors have not met their burden here.

Among other things, the proposed intervenors must prove that they have "a substantial interest in the subject matter of this litigation." *Coalition to Defend Affirmative Action,* 501 F.3d at 780. Determining whether or not a proposed intervenor has established such an interest is a very "fact-specific" inquiry and not just "any articulated interest will do." *Id*.

This Court's analysis of the proposed intervenors' interest in the subject matter of this litigation is somewhat constrained by their failure to comply with the rule governing motions to intervene. Pursuant to FED. R. CIV. P. 24, a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). The pending Motion to Intervene was not accompanied by any such pleading. Nevertheless, despite that significant procedural defect, the Court has carefully considered the motion and concludes that the proposed intervenors have not met their burden of establishing that they have a substantial interest in the subject matter of this litigation.

The Environmental Protection Agency initiated this action in 1977 against the City of Detroit and the DWSD, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq*. Thus, "the subject matter of this litigation," and the basis for this Court's subject matter jurisdiction over this action, is *compliance with the Clean Water Act*. The proposed intervenors have not articulated any interest with respect to the DWSD's compliance or non-compliance

6

with the Clean Water Act.

Rather, it appears that they seek to intervene because they wish to challenge the Stipulated Order that the parties entered into on February 11, 2011, which resolved a pending motion in this action. The only interest in doing so that they have articulated is that they reside in the City of Detroit, which they apparently believe means that they "own" the DWSD. As the City of Detroit notes in its Response, however, "residents of a city do not 'own' the city in which they reside, or departments or other assets of its government, such as DWSD." (City's Br. at 8). Moreover, any interest that Aleem or Williams have in challenging the Stipulated Order that the City of Detroit entered into, on the basis of simply being Detroit residents, does not support a claim for intervention of right.

A generic interest shared by citizens of a unit of government in the enforcement of its laws does not constitute the substantial legal interest in the subject matter of a case that is required for intervention as of right. *See Coalition to Defend Affirmative Action*, 501 F.3d at 782. In that case, the proposed intervenors were organizations who claimed to have an interest in the Amendment at issue in that case because the organizations had members who were Michigan residents. The Sixth Circuit rejected that argument, stating:

> The most they claim is that Proposal 2 naturally affects them because each group has at least a few members that are Michigan residents. This, however, amounts to only a generic interest shared by the entire Michigan citizenry. An "interest so generalized will not support a claim for intervention of right."

*Id.* Here, the only interest asserted by the proposed intervenors is nothing more than the generic interest of all Detroit residents in challenging the Stipulated Order entered into by the City of Detroit. Such an interest is not sufficient to support intervention as of right. *Id.; see also Providence Baptist Church v. Hillandale Committee, Ltd*, 425 F.3d 309, 317 (6th Cir. 2005)

7

(proposed intervenors "interest in the negotiated settlement is 'so generalized it will not support a claim for intervention of right.'"); *Gateway Fireworks, LLC v. Whiteford Tp.*, 2008 WL 1902205 (E.D. Mich. 2008) (proposed intervenor's interest in possible settlement of action is too generalized to support intervention.).

The Court further concludes that, even if the proposed intervenors were real parties in interest, they cannot intervene to challenge the Stipulated Order entered into by the City of Detroit in this action because of the City's need for autonomy. *See, e.g. Providence Baptist Church,* 425 F.3d at 317 (Even if proposed intervenor was a real party in interest, it "could not intervene to challenge a negotiated settlement because 'concerns for state autonomy . . . deny private individuals the right to compel a state to enforce its laws.'").[3]

Because the Court concludes that the proposed intervenors have failed to establish that they have a substantial interest in the subject matter of this litigation, the pending motion must be denied and the Court need not discuss the three remaining factors for invention as of right.[4]

---

[3]If a citizen of the City of Detroit could intervene in any lawsuit wherein the City of Detroit is party, simply by virtue of being a city resident, the City would be unable to efficiently litigate or settle cases or manage its own affairs.

[4]Nevertheless, the Court also concludes that the motion is not timely. Although the proposed intervenors bear the burden of proving each of the four factors, including timeliness (*see Grubbs v. Norris*, 870 F.2d at 345), the pending Motion to Intervene does not even discuss timeliness. Based on the record, this Court concludes that, as in *Blount-Hill*, the untimeliness of the pending Motion to Intervene provides an independent basis for denying the motion. *Blount-Hill*, 636 F.3d at 284. The Environmental Protection Agency initiated this action in 1977 against the City of Detroit and the DWSD, alleging violations of the Clean Water Act. The action was originally assigned to the Honorable John Feikens. By virtue of various court orders, other parties were joined in this action, including governmental entities who receive wholesale services from DWSD. At numerous times during the pendency of this action, various mayors of the City of Detroit were appointed as Special Administrators and given broad powers to take numerous actions – irrespective of the City of Detroit's charter and its ordinances. Throughout the *more than 30 years* that this action has been actively proceeding, the parties have also

### B. To The Extent That The Motion Seeks Permissive Intervention, This Court Shall Deny The Motion.

The Motion to Intervene does not specify whether it seeks intervention as of right or permissive intervention. To the extent that it seeks permissive intervention, that request is also denied.

Rule 24(b) provides that, '[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). A district court has broad discretion over requests for permissive intervention. *Blount-Hill v. Zelman*, 636 F.3d 278, 287 (6th Cir. 2011).

Here, the proposed intervenors failed to comply with Rule 24(c)'s requirement that the motion be "accompanied by a pleading that sets out the claim or defense for which intervention is sought" (*see* FED. R. CIV. P. 24(c)), and their motion fails to identify any claim or defense they have that shares a common question of fact or law with the main action. Moreover, as stated above, the proposed intervenors have failed to establish that they have a substantial legal interest in this lawsuit. Finally, this Court concludes that allowing the proposed intervenors to intervene in this action would inhibit, not promote, the resolution of this more than thirty-year old action.

### CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that the Motion to Intervene (Docket

---

entered into numerous settlement agreements, stipulated orders, and consent judgments. (*See* Docket Entry No. 2371 at 4-5) (listing numerous settlement agreements and consent judgments in this action.). All of these events, coupled with the extensive passage of time, weigh heavily against intervention. *Blount-Hill*, 636 F.3d at 285 (extensive progress in district court action weighs against intervention).

Entry No. 2343) **IS DENIED.**[5]

  **IT IS SO ORDERED.**


Dated: August 11, 2011            S/ Sean F. Cox
                    Sean F. Cox
                    U. S. District Court Judge


I hereby certify that on August 11, 2011, the foregoing document was served upon counsel of record by electronic means and upon Carl Williams and Hassan Aleem by First Class Mail at the addresses below:

Carl Williams
10112 Somerset
Detroit, MI 48224

Hassan Aleen
2440 Taylor
Detroit, MI 48206

Dated: August 11, 2011            S/ J. Hernandez
                    Case Manager

---

[5] Given that ruling, the Court shall strike Docket Entry Nos. 2357, 2361, 2370 & 2380.