Case 2:77-cv-71100-SFC   ECF No. 2469, PageID.15922   Filed 08/20/12   Page 1 of 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CITY OF DETROIT, *et al.*,

    Defendants.

Hon. Sean F. Cox

Case No. 77-71100

**THE DETROIT WATER AND SEWERAGE DEPARTMENT'S MOTION FOR RELIEF ESSENTIAL TO COMPLIANCE WITH THIS COURT'S NOVEMBER 4, 2011 ORDER MANDATING DWSD-SPECIFIC COLLECTIVE BARGAINING AGREEMENTS**

    The Detroit Water and Sewerage Department ("DWSD") hereby moves this Court for alternative forms of relief required to achieve compliance with this Court's November 4, 2011 Order mandating the negotiation of collective bargaining agreements covering DWSD employees exclusively. In support of this motion, DWSD states as follows:

    1.    Prior to November 4, 2011, DWSD employees were members of twenty different collective bargaining units, each of which had its own collective bargaining agreement ("CBA").

    2.    Several of such bargaining units were comprised of both DWSD and non-DWSD employees. These included bargaining units of (a) the Association of Municipal Engineers ("AME"), (b) the Association of Detroit Engineers ("ADE"), (c) the Association of Professional and Technical Employees ("APTE"), and (d) the Association of Professional Construction Inspectors ("APCI") (collectively "Unions").

    3.    Paragraph 3 of this Court's November 4, 2011 Order (D.E. 2410) ("November 4 Order") ordered the negotiation and execution of separate CBAs covering DWSD employees exclusively, including CBAs with each of the Unions.

4. In defiance of this Court's November 4 Order and contrary to all logic and reason, AME, ADE and APTE have adamantly refused to either (a) negotiate separate DWSD-specific CBAs, or (b) agree to severance of DWSD employees from the pre-existing mixed bargaining units. APCI has entered into an agreement with DWSD on behalf of its DWSD employees, but has refused to agree to the formal severance of the bargaining unit.

5. Faced with such Union obstruction and in order to enable compliance with paragraph 3 of the November 4 Order, the City of Detroit ("Detroit") filed Unit Clarification Petitions ("Petitions") with the Michigan Employment Relations Commission ("MERC") seeking severance of DWSD employees from each of the mixed Union bargaining units. *See* Declaration of Director Satchel, Ex. 1-a. MERC, however, has refused to entertain the Petitions on the basis of Paragraph 13 of the November 4 Order which, in pertinent part, enjoined MERC from "exercising jurisdiction over disputes arising from the changes ordered by this Court." Ex. 1-b.

6. In order to make compliance with the November 4 Order possible, DWSD moves for an Order awarding one of the following forms of relief:

(a) Severing DWSD employees from each Union "mixed" bargaining unit, thus establishing a separate DWSD bargaining unit; or

(b) Requiring MERC to sever DWSD employees from each Union mixed bargaining unit, thus establishing a separate DWSD bargaining unit.

In support of this motion, the Court is respectfully referred to DWSD's supporting brief filed herewith.

DYKEMA GOSSETT PLLC

By: */s/Robert J. Franzinger*
    Robert J. Franzinger (P25539)
    Mark D. Jacobs (P41878)
    Attorneys for DWSD
    400 Renaissance Center
    Detroit, MI 48243
    (313) 568-6690
    rfranzinger@dykema.com

Date:   August 20, 2012

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        Hon. Sean F. Cox

CITY OF DETROIT, *et al.*,                           Case No. 77-71100

    Defendants.

**BRIEF IN SUPPORT OF THE DETROIT WATER AND SEWERAGE
DEPARTMENT'S MOTION FOR RELIEF ESSENTIAL TO
COMPLIANCE WITH THIS COURT'S NOVEMBER 4, 2011 ORDER
MANDATING DWSD-SPECIFIC COLLECTIVE BARGAINING AGREEMENTS**

## STATEMENT OF ISSUE PRESENTED

Whether this Court should grant alternative forms of relief required to achieve compliance with this Court's November 4, 2011 Order mandating the negotiation of collective bargaining agreements covering DWSD employees exclusively?

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

This Court's November 4, 2011 Order mandating the severance of collective bargaining agreements covering DWSD employees exclusively and the law and authorities cited to in the accompanying Brief.

**INTRODUCTION**

The Detroit Water and Sewerage Department ("DWSD") submits this brief in support of its motion seeking alternative forms of relief necessary to enable compliance with that portion of this Court's November 4, 2011 Order that (1) eliminated the former practice of negotiating collective bargaining agreements covering both DWSD and non-DWSD employees of the City of Detroit and (2) mandated the negotiation of collective bargaining agreements ("CBAs") covering DWSD employees exclusively. In defiance and obstruction of these provisions of the Court's Order, certain labor unions, specifically those identified in this Motion, representing both DWSD and non-DWSD employees have adamantly refused to either (a) negotiate separate DWSD-specific CBAs, or (b) agree to severance of DWSD employees from the pre-existing mixed bargaining units into separate bargaining units to enable such negotiation.[1] To redress such obstructive union tactics and enable compliance with this Court's order, DWSD seeks an order that either (1) severs DWSD employees from each pertinent mixed bargaining unit, or (2) orders the Michigan Employment Relations Commission ("MERC") to order such severance.

**BACKGROUND**

This Court's (1) September 9, 2011 Opinion & Order Denying Without Prejudice the City of Detroit's Motion to Dismiss ("September 9 Order," D.E. 2397), (2) November 4, 2011 Order ("November 4 Order," D.E. 2410) and (3) the pleadings, documents and other evidence supporting such orders recounted the long history of labor-union-generated impediments to DWSD's ability to achieve sustained compliance with the federal Clean Water Act ("CWA") and this Court's judgments and orders implementing that law. *See*, *e.g.*, September 9 Order at 12-13,

---

[1] One bargaining unit, the Association of Professional Construction Inspectors ("APCI"), has entered into an agreement with DWSD for its DWSD employees, but has refused to sever the APCI bargaining unit. As such, severance of APCI by establishing a separate DWSD bargaining unit is still necessary.

1

14-15, 17-18, 20, 22, 26, 37, 39-40, and 42 and November 4 Order at 5-7. The impediments identified included the former practice of entering into CBAs covering both DWSD and non-DWSD employees. November 4 Order at 5. To remedy such impediments and attempt to prevent their recurrence, the November 4 Order, *inter alia*, mandated that DWSD negotiate its own CBAs that cover only DWSD employees. The November 4 Order states in relevant part:

> The DWSD shall act on behalf of the City of Detroit to have its own CBAs that cover DWSD employees ("DWSD CBAs"). DWSD CBAs shall not include employees of any other City of Detroit departments. The Director of the DWSD shall have final authority to approve CBAs for employees of the DWSD.

November 4 Order, ¶ 3. The November 4 Order also enjoined MERC from "exercising jurisdiction arising from the changes order by this Court." *Id*. at ¶ 13.

In defiance of the November 4 Order, certain labor unions representing both DWSD and non-DWSD Detroit employees have adamantly refused to either (a) agree to severance of DWSD employees from the pre-existing mixed bargaining units, or (b) negotiate a separate DWSD-specific collective bargaining agreement. The unions that have engaged and are continuing to engage in such obstructive conduct are the Association of Municipal Engineers ("AME"), the Association of Detroit Engineers ("ADE"), the Association of Professional and Technical Employees ("APTE"), and the Association of Professional Construction Inspectors ("APCI"). The APCI has entered into an agreement with DWSD, but has refused to sever the APCI bargaining unit (all four unions are collectively referred to as "Unions"). *See* Declaration of Director Satchel, Ex. 1, ¶ 4.

On or about March 26, 2012, the City of Detroit filed a Unit Clarification Petition seeking to sever DWSD employees from each of the Union bargaining units (collectively "Petitions") Ex. 1-a, Unit Clarification Petitions. On June 7, 2012, MERC held a mediation

2

between the City of Detroit AME and ADE, but was unable to resolve the issue. Ex. 1, ¶ 6. On June 18, 2012, MERC refused to entertain or process the Petitions on the basis of its understanding that Paragraph 13 of the November 4 Order prohibited it from considering them. Ex. 1-b. At this time, only APCI has signed a CBA with DWSD and none of the Unions has consented to a full severance of the bargaining units in order to create separate DWSD-only bargaining units. Ex. 1, ¶ 8. In addition, Detroit has imposed agreements on the Unions, as it relates to their non-DWSD employees. Ex. 1, ¶ 9. By avoiding the negotiation process, the Unions have delayed and prevented DWSD and the City of Detroit from fully implementing the November 4 Order. Ex. 1, ¶ 10.

## ARGUMENT

A federal court has inherent power to fashion equitable relief and to enforce its own judgments and orders. *See Peacock v. Thomas*, 516 U.S. 349, 356, 116 S. Ct. 862 (1996); *U.S. v. Production Plated Plastics, Inc.*, 61 F.3d 904, *7 (6th Cir. 1995) (finding court had authority to fashion equitable relief and enforce its prior orders). The November 4 Order clearly mandates that "DWSD shall act on behalf of the City of Detroit to have its own CBAs that cover DWSD employees" and that "DWSD CBAs shall not include employees of any other City of Detroit departments." November 4 Order, ¶ 3. By refusing to negotiate separate CBAs for their DWSD and non-DWSD employees and refusing to sever the bargaining units, the Unions are preventing compliance with the November 4 Order. DWSD therefore requests this Court use its inherent power to fashion equitable relief and to enforce its November 4 Order by entering an order that either (1) severs DWSD employees from each pertinent mixed bargaining unit, or (2) orders MERC to order such severance.

3

## **CONCLUSION**

Despite this Court's clear directive to DWSD to have its own CBAs that cover only DWSD employees, the Unions have stalled and refused to separate the bargaining units. In order to make compliance with the November 4 Order possible, DWSD moves for an Order awarding one of the following forms of relief:

(a) Severing DWSD employees from each Union "mixed" bargaining unit, thus establishing a separate DWSD bargaining unit; or

(b) Requiring MERC to sever DWSD employees from each Union mixed bargaining unit, thus establishing a separate DWSD bargaining unit.

DYKEMA GOSSETT PLLC

By: */s/Robert J. Franzinger*
Robert J. Franzinger (P25539)
Mark D. Jacobs (P41878)
Attorneys for DWSD
400 Renaissance Center
Detroit, MI 48243
(313) 568-6690
rfranzinger@dykema.com

Date: August 20, 2012

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record and that I caused copies of same to be mailed via U.S. mail as follows:

Joseph W. Colaianne
Oakland County Corporation Counsel
1200 N. Telegraph Road
Suite 419 Bldg. 14E
Pontiac, MI 48341-0419

John H. Fildew
Fildew Hinks
26622 Woodward Avenue
Suite 225
Royal Oak, MI 48067

Robert J. Hribar
16931 19 Mile Road
Mount Clemens, MI 48044

Charles E. Lowe
Lowe, Lewandowski
905 W. Ann Arbor Trail
Plymouth, MI 48170

DYKEMA GOSSETT PLLC

By: */s/Robert J. Franzinger*
    Robert J. Franzinger (P25539)
    Mark D. Jacobs (P41878)
    Attorneys for City of Detroit and DWSD
    400 Renaissance Center
    Detroit, MI 48243
    (313) 568-6690
    rfranzinger@dykema.com

DET01\1084925.5
ID\LAN - 014201\0003

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243