UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                     Honorable Sean F. Cox

City of Detroit, *et al.*,               Case No. 77-71100

    Defendants.
_____/

**<u>ORDER DENYING</u>**
**<u>THE DWSD'S MOTION FOR CLARIFICATION</u>**
**<u>OR RECONSIDERATION (DOCKET ENTRY NO. 2522)</u>**

This matter is currently before the Court on the Detroit Water and Sewerage Department's ("DWSD") "Motion For Clarification Or Partial Reconsideration Of Opinion & Order Ruling On Remaining Requests In The DWSD's Motion For Interim Order (D.E. No. 2520)." (Docket Entry No. 2522). Pursuant to Local Rule 7.1, the Court will not hold oral argument on this motion or allow any further briefing. For the reasons set forth, the Court shall DENY the motion.

**BACKGROUND**

This action has an exceptionally long history that is set forth in this Court's September 9, 2011, Opinion & Order (D.E. No. 2397), its November 4, 2011 Order (D.E. No. 2410), and its October 5, 2012, Opinion & Order Regarding The DWSD's Motion For Interim Order (D.E. No. 2489). Only the key facts relating to the pending motion are included here.

In an Opinion & Order issued on October 5, 2012 (Docket Entry No. 2489), this Court

1

addressed a request by the DWSD that the Court clarify or declare the impact of the City of Detroit's Financial Stability Agreement ("FSA") on the DWSD with respect to the City's Employment Terms ("CETs") that were imposed on non-DWSD City unions after their contracts expired in June of 2012. The DWSD asked the Court to clarify or declare that a Resolution adopted by the Board of Water Commissioners on June 26, 2012, is effective and controlling, regardless of whether it might otherwise be impacted by the FSA. In addressing that request, this Court noted that:

> On June 26, 2012, the BOWC passed a Resolution that CETs are applicable to DWSD unions that have not settled CBAs until such time as: (a) the relevant union signs an agreement with the DWSD; (b) negotiations reach an impasse and the DWSD imposed its own terms and conditions of employment on that union.

(*Id*. at 18). But the DWSD advised the Court that the City had not implemented the Resolution. The City responded that it had not implemented the Resolution "for several reasons, including that it believed that doing so may be contrary to this Court's November 4th Order." (*Id*. at 19).

Notably, this Court observed that, "[i]t appears undisputed that, absent this Court's Order, the City's CETs would be applied." (*Id*. at 18). That is, absent this Court's order, it was undisputed that the City's CETs would have been applied to all unions within the City, including unions whose members include DWSD employees. This Court declared that the BOWC's June 26, 2012 Resolution "shall be effective and controlling *until this Court orders otherwise*." (*Id.* at 19 & 39) (emphasis added).

*In an Opinion & Order issued on December 14, 2012, however, this Court "ordered otherwise."* (Docket Entry No. 2512). Specifically, that Opinion & Order stated, in a section titled, "The Court Shall Clarify Its Ruling As To CETs":

## II.    The Court Shall Clarify Its Ruling As To CETs

[In its October 5, 2012 Opinion & Order], this Court declared that "the BOWC's June 26, 2012 Resolution is in accordance with this Court's November 4th Order and shall be effective and controlling until this Court orders otherwise." (D.E. No. 2489 at 39).

*In so declaring, this Court's intent was to confirm that this Court's November 4, 2011, Order does not stand as an obstacle to the DWSD implementing the CETs for DWSD employees – if permitted to do so under otherwise applicable law. The Court's intent was to confirm that if the City of Detroit may impose the CETs on unions with CBAs with the City, pursuant to Public Act 4, the City's Financial Stability Agreement with the State of Michigan, or some other authority, then the DWSD is not prohibited from doing so by virtue of this Court's November 4, 2011 Order. In other words, the Court's intent was to rule that, with respect to the ability to impose CETs, the DWSD-specific unions stand in the same shoes as other unions that have CBAs with the City of Detroit.* At the time that the Court issued its October 5, 2012, Opinion & Order, there appeared to be no dispute that the City could impose its CETs.

After this Court's October 5, 2012 Opinion & Order was issued, however, Public Act 4 was repealed by voter referendum. As the RCC notes in its Plan of Clarification, "the repeal of Public Act 4 and some Charter amendments in the City of Detroit lead to some uncertainty over the future of the City's financial stability agreement and the potential impacts on imposed terms and conditions of employment that may take substantial time to resolve." (D.E. No. 2505 at 2).

This Court believes that it is now appropriate to clarify its ruling and shall declare that *this Court's November 4, 2011 Order does not stand as an obstacle to the DWSD implementing the CETs for DWSD employees – if permitted to do so under otherwise applicable law. As to this issue, the DWSD-unions stand in the same shoes as other unions with CBAs with the City of Detroit.*

(*Id*. at 17-18) (emphasis added in italics; bolding in original). This Court then "ORDERED that this Court hereby DECLARES that this Court's November 4, 2012, Order does not stand as an obstacle to the DWSD implementing the CETs for DWSD employees – if permitted to do so under otherwise applicable law. As to this issue, the DWSD-unions stand in the same shoes as other unions with CBA with the City of Detroit." (*Id.* at 22).

The import of the December 14, 2013, Opinion & Order, indicating that this Court neither prohibits nor authorizes the DWSD from implementing the CETs, was not lost on the unions

seeking to challenge the DWSD's implementation of the CETs. Documents attached to the DWSD's motion reflect that, just a few days after it was issued, union representatives brought this Court's December 14, 2012, Opinion & Order to the attention of the DWSD, its attorneys, MERC, and other mediation tribunals. In those letters, the union representatives correctly observed that this Court had clarified that it did not order or authorize the DWSD to implement the CETs and that this Court had not enjoined any arbitration proceedings, or other actions, that challenge the DWSD's implementation of the CETs.

For example,[1] in a letter dated December 17, 2012, counsel representing three unions sent a letter to the Federal Mediation and Conciliation Service ("FMCS"), copying counsel for the DWSD, stating:

> . . . Mr. Schwartz had suggested that because federal Judge Sean Cox had mandated the implementation of the "City Employment Terms" (CET), the above unions were enjoined from taking to arbitration the grievances challenging the implementation of the CET and the FMSC enjoined from processing their requests for arbitration.
> In an Opinion and Order dated December 14, 2012, Judge Cox has clarified his earlier orders to make clear what Mr. Schwartz has represented is clearly not the case.

(Docket Entry No. 2522-4 at Pg ID 16967). After the letter quotes the full language at issue from this Court's December 14, 2012, Opinion & Order, the letter states:

> Judge Cox recent Opinion and Order makes clear that he did not mandate the implementation of the CET – as Mr. Schwartz has represented – nor did he enjoin the above unions from challenging the implementation of the CET . . . We therefore request that the Federal Mediation and Conciliation Service promptly process the three separate Requests for Arbitration Panels which we mailed to you on November 5, 2012, now nearly a month and one half ago.

---

[1]Apparently, counsel for other unions sent similar letters to the DWSD on December 17, 2012, noting the rulings contained in this Court's December 14, 2012, Opinion & Order. (*See* Docket Entry Nos. 2522-5 at Pg ID 16970, 2522-5 at Pg ID 16971-72, 2522-5 Pg ID 16973-75).

(*Id*. at 3).  The DWSD states that on December 20, 2012, the FMCS determined that it would proceed to appoint an arbitrator.  (Docket Entry No. 2522 at 7).

Nevertheless, the DWSD did not seek reconsideration or "clarification" of the rulings contained in this Court's December 14, 2012 Opinion & Order.

On January 30, 2013, this Court issued an Opinion & Order, ruling on a few outstanding requests for relief by the DWSD and clarifying the *limited scope* of its injunction as to MERC and the Wayne County Circuit Court.  (Docket Entry No. 2520).

Thereafter, on February 13, 2013, the DWSD filed the instant motion.

## ANALYSIS

**I.     The DWSD's Motion For Reconsideration**

Motions for reconsideration are governed by Local Rule 7.1(h).  Local Rule 7.1(h) provides the following standard regarding motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).  Local Rule 7.1 also provides that motions for reconsideration must be filed within 14 days after entry of the order at issue.  Local Rule 7.1(h)(1).

Here, the DWSD's motion appears to ask the Court to reconsider rulings in both its January 30, 2013, Opinion & Order and its December 14, 2012, Opinion and Order.

To the extent that the motion asks the Court to reconsider the rulings in the January 30, 2013 Opinion and Order, the Court shall deny that request because the DWSD has not

demonstrated a palpable defect by which the Court or the parties were misled. The DWSD has been fully heard on these issues. The Court has already considered, and rejected, the arguments made by the DWSD.

To the extent that the motion asks the Court to reconsider the rulings in the December 14, 2012 Opinion & Order, the motion is untimely. Moreover, even if the motion had been timely filed, the Court would not alter its ruling regarding CETs.

Accordingly, the Court shall deny those portions of the pending motion that seek reconsideration of prior orders.

## II.     The DWSD's Motion For Clarification

The DWSD's pending motion also appears to ask this Court to "clarify" that this Court: 1) ordered the implementation of the City's CETs by the DWSD; and 2) enjoined any arbitration proceedings, or other actions, that challenge the DWSD's implementation of the CETs.

The Court shall deny the DWSD's requests for clarification because this Court *did not* order or authorize the DWSD to implement the CETs and this Court *has not* enjoined any arbitration proceedings, or other actions, that challenge the DWSD's implementation of the CETs.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the DWSD's Motion For Clarification Or Partial Reconsideration Of Opinion & Order Ruling On Remaining Requests In The DWSD's Motion For Interim Order" IS DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 14, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v().                                     Honorable Sean F. Cox

City of Detroit, *et al.*,          Case No. 77-71100

    Defendants.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2013, by electronic and/or ordinary mail.

                                      S/Jennifer McCoy
                                      Case Manager