UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                    Honorable Sean F. Cox

City of Detroit, *et al.*,                            Case No. 77-71100

      Defendants.
_____/

**<u>ORDER TO SHOW CAUSE</u>**

      This longstanding case, which was filed in 1977, currently finds itself in a unique

procedural posture.

      On March 27, 2013, this Court issued an Opinion & Order Terminating Second Amended

Consent Judgment And Closing This Case.  (Docket Entry No. 2528).  At that time, an

interlocutory appeal filed by two labor unions who sought to intervene in this case ("the Unions")

was still pending before the United States Court of Appeals for the Sixth Circuit.

      Shortly after this Court issued its Opinion & Order Terminating Second Amended

Consent Judgment And Closing This Case, however, on April 8, 2013, the Sixth Circuit issued

an Opinion reversing this Court's denial of the Unions' motion to intervene.   *United States v.

City of Detroit*, 712 F.3d 925 (6th Cir. April 8, 2013).   It appears from certain language

contained in the Opinion that, at that time it was issued, the Panel was not aware that this Court

had already closed this case.  *See, e.g  United States v. City of Detroit*, 712 F.3d at 931 (stating

that "despite significant progress" the underlying district court case "cannot be expected to end

any time soon") and at 932 (stating that "intervention can be limited on a prospective basis" allowing the unions to participate "in new matters" including "participation in shaping future remedial efforts"). In any event, the Sixth Circuit remanded for "for a limited grant of intervention. Arguments about the procedural and jurisdictional invalidity of the November 4 Order within the scope of intervention, including that there was no hearing in issuing an injunction under Rule 65 and that the court exceeded its powers under the all Writs Act, should be argued below on remand." *Id.* at 934. The majority Opinion also stated that, upon remand, this Court "retains broad discretion in setting the precise scope of intervention." *Id.* at 933. The majority suggested, however, that upon remand, this Court hear argument from the Unions "as to the exact purposes for which intervention is sought." *Id.*

This Court intended to hold a Status Conference with the parties, including the intervening Unions, after issuance of the Mandate. But *before* the Mandate issued as to the Sixth Circuit's April 8, 2013 Opinion & Judgment on May 31, 2013, however, the City of Detroit filed a Notice of Appeal in this action on May 22, 2013. (Docket Entry No. 2532). The City of Detroit's Notice of Appeal indicates that the City is appealing several orders issued in this case, including, but not limited to, the November 4, 2011 Order and the March 27, 2013 Opinion & Order Terminating Second Amended Consent Judgment And Closing This Case.

It is well established that the "'filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Taylor v. Keycorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Thus, as a general rule, the filing of a notice of appeal divests the district court of jurisdiction and

transfers jurisdiction to the court of appeals.  *City of Cookeville, Tennessee v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007).  "The key point is that once jurisdiction passes to the court of appeals, the district court generally lacks power to act with respect to matters encompassed within the appeal, and actions taken by the district court in violation of this principle are null and void."  16A FED. PRAC. & PROC. Juris § 3949, *Filing the Notice of Appeal* (4th ed.).

A district court "loses jurisdiction over an action when a party perfects an appeal unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court."  *Rucker*, 798 F.2d 891, 892 (6th Cir. 1986).[1]  Here, the City's Notice of Appeal was timely filed, it is an appeal from an appealable final order of dismissal, and the appeal does not raise issues that were previously ruled upon in this matter by the Sixth Circuit.  Thus, it appears that the Sixth Circuit acquired, at the time that the City filed its Notice of Appeal on May 22, 2013, "exclusive jurisdiction over the case."  *Rucker*, 798 F.2d at 892.

Accordingly, although the Mandate issued as to the Sixth Circuit's April 8, 2013 Opinion & Judgment on May 31, 2013, due to the City's May 22, 2013, filing of a Notice of Appeal in

---

[1]The caselaw also reflects that a district court retains "limited jurisdiction" to take specific actions that are "in aid of the appeal."  *United States v. Sims*, 708 F.3d 832, 834 (6th Cir. 2013) (citing *Inland Bulk Tranfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003)).  As the Sixth Circuit has explained, however, actions that may be taken by a district court following the filing of a notice of appeal in aid of the appeal are "narrowly defined" but include a district court memorializing in writing an oral ruling made just days before the notice of appeal was filed.  *Id.; see also Inland Bulk,* 332 F.3d at 1013.  Here, however, this narrow exception does not appear to apply.  All of the orders that the City has appealed are *written orders* issued by this Court.  The appeal does not involve any oral rulings made by this Court.

this case, it appears that this Court is without jurisdiction over this matter.

The Court hereby **ORDERS** any party who believes otherwise to **SHOW CAUSE**, in writing, no later than **July 5, 2013**, why this Court has not been divested of jurisdiction over this case.  All such filings shall: 1) specify the action(s) that the party believes this Court can take, in light of the procedural posture of this case; and 2) provide Sixth Circuit authority to support its position that this Court has jurisdiction to take such actions.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

4