UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CITY OF DETROIT, *et al.*,

    Defendants.

Hon. Sean F. Cox

Case No. 77-71100

## THE DETROIT WATER AND SEWERAGE DEPARTMENT'S RESPONSE TO ORDER TO SHOW CAUSE [DOCKET ENTRY NO. 2535]

The Detroit Water and Sewerage Department ("DWSD"), by and through its attorneys Dykema Gossett PLLC, submits this response to this Court's June 5, 2013 Order to Show Cause (D.E. No. 2535) ("Order to Show Cause"). The Order to Show Cause ordered any party who believes that this Court has jurisdiction over this matter to show cause in writing "why this Court has not been divested of jurisdiction over this case." (D.E. No. 2535, p. 4.) The Order to Show Cause further provided that any such filing "1) specify the action(s) that the party believes this Court can take, in light of the procedural posture of this case; and 2) provide Sixth Circuit authority to support its position that this Court has jurisdiction to take such actions." (*Id.*)

1

DWSD agrees with the Order to Show Cause's statements that the City of Detroit's Notice of Appeal (D.E. No. 2532), as a general rule, deprives this Court of jurisdiction in this action. DWSD further agrees that this deprivation of jurisdiction clearly extends to the taking of actions with respect to and as sought by the motions to intervene filed by two labor unions who have sought to intervene in this case. DWSD submits this response, however, merely to clarify that the City of Detroit's Notice of Appeal does not, as recognized by the Sixth Circuit, deprive this Court of jurisdiction to enforce its orders and judgments. DWSD does not believe that this Court intended to indicate otherwise in its Order to Show Cause and submits this response out of an abundance of caution merely to clarify this point.

United States District Courts retain limited jurisdiction to enforce their judgments and orders even though an appeal may be pending. *See, e.g.*, *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007) (*citing N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)). "[T]he mere pendency of an appeal does not, in itself, disturb the finality of a judgment. [T]he district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." *Cincinnati Bronze*, 829 F.2d at 588 (citations omitted).

2

In *Cincinnati Bronze*, the district court had ordered the defendant to comply with the plaintiff's subpoena. (*Id.* at 587.) The defendant appealed this order, but while its appeal to the Sixth Circuit was pending, the district court again ordered the defendant to produce documents it had failed to produce in accordance with the court's first order. (*Id.* at 587-88.) In rejecting the defendants' argument that the pending appeal stripped the district court of jurisdiction to issue the second order, the Sixth Circuit reasoned that "[W]here as here, the district court is attempting to supervise its judgment and enforce its order through civil contempt proceedings, pendency of appeal does not deprive it of jurisdiction for these purposes." (*Id.* at 588.)

Thus, for the foregoing reasons, DWSD respectfully submits that this Court retains jurisdiction to enforce its orders and judgments should such enforcement become necessary. DWSD agrees with the Court, however, that the City of Detroit's appeal deprives this Court of jurisdiction to take action with respect to or as sought by the motions to intervene by the two labor unions who have sought to intervene in this case.

3

                              DYKEMA GOSSETT PLLC

                   By: */s/Lauren M. Phillips*
                      Robert J. Franzinger (P25539)
                      Mark D. Jacobs (P41878)
                      Lauren M. Phillips (P74102)
                      Attorneys for DWSD
                      400 Renaissance Center
                      Detroit, MI 48243
                      (313) 568-6690
                      (313) 568-6845
                      rfranzinger@dykema.com
                      lmphillips@dykema.com

Date: July 5, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

DYKEMA GOSSETT PLLC

By: */s/Lauren M. Phillips*
    Lauren M. Phillips (P74102)

1