UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                          Hon. Sean F. Cox

CITY OF DETROIT, ET AL.,            Case No. 77-71100

    Defendants.

_____/

**BRIEF ON BEHALF OF AFSCME LOCAL 207 AND THE SENIOR ACCOUNTANTS,
ANALYSTS AND APPRAISERS ASSOCIATION (SAAA) IN RESPONSE
<u>TO THE ORDER TO SHOW CAUSE ISSUED BY THE COURT</u>**

                                                    SCHEFF, WASHINGTON & DRIVER, P.C.
                                                    GEORGE B. WASHINGTON (P 26201)
                                                    SHANTA DRIVER (P 65007)
                                                      Attorneys for Local 207, AFSCME
                                                     645 Griswold - Suite 1817
                                                     Detroit, Michigan 48226
                                                     313-963-1921

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

STATEMENT OF FACTS .......................................................................................................1

ARGUMENT. ...........................................................................................................................2

CONCLUSION .........................................................................................................................5

CERTIFICATE OF SERVICE ..................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Cochran v. Birkel*, 651 F 2d 1219, 1222 (6th Cir. 1981)     3

*In re Jones*, 768 F. 2d 923 (7th Cir. 1985)     4

*Island Creek Coal Sales Company v. City of Gainesville, Florida*, 764 F. 2d 437 (6th Cir. 1985)     4

*Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955 (9th Cir. 2006)     4

*NLRB v. Cincinnati Bronze, Inc.*, 829 F. 2d 585, 588 (6th Cir.1987)     2

**Other authorities**

MCL 423.201, et seq     1

*Moore's Federal Practice*, s. 3013.32[1]     4

**STATEMENT OF FACTS**

The crucial procedural facts related to the Order to Show Cause are set forth in the Order to Show Cause and are only briefly stated here.

The Court issued an order on November 4, 2011 that effectively enjoined Local 207 and the SAAA from enforcing significant portions of their collective bargaining contract and of their collective bargaining rights under the Public Employment Relations Act, MCL 423.201, et seq. (R. 2410).  Local 207 and the SAAA filed a motion to intervene on November 28, 2011 which challenged the substantive provisions of the November 4, 2011 order relating to labor relations on six separate grounds (R. 2415, paras 6A-6F).  On December 13, 2011, this Court denied the motion to intervene on the basis that it was untimely, without ruling on or hearing objections to any of the substantive challenges that Local 207 and the SAAA had made to this Court's November 4, 2011 order (R. 2422).

Local 207 and the SAAA duly filed a timely notice of appeal on December 14, 2011 (R. 2423).  On April 8, 2013, the Court of Appeals issued an Opinion holding that this Court had erred in denying the motions to intervene on the basis of timeliness and remanded with instructions to this Court to determine the legitimacy of Local 207's claims that this Court's November 4, 2011 Order had been issued in violation of Rule 65 and of the All Writs Act and to allow the unions to challenge "adverse orders issued within the 30-day period before intervention was sought—specifically the November 4 Order."  (Ct. App. Op., at 12-13).

On March 27, 2013, however, this Court had issued its Opinion and Order Terminating the Second Amended Consent Judgment and Closing the Case, which, inter alia, incorporated the November 4, 2011 into a final order of indefinite duration (R. 2528).   After the Sixth Circuit had issued its Opinion but before it had issued its mandate, the City of Detroit filed a notice of appeal

1

from the "final" order of March 27, 2013, and from a number of specified orders entered before that date, including the order of November 4, 2011 (R. 2532).

For the reasons set forth below, Local 207 and the SAAA assert that on these undisputed procedural facts, there is no final order in this case because the Court has jurisdiction and indeed a mandate to proceed with determining the merits of the claims made by Local 207 and the SAAA.  The appeal filed by the City is therefore clearly premature, and this Court has jurisdiction and, indeed, a mandate to consider the objections that the intervenors have made to the Order of November 4, 2011 and its incorporation in the "final" order that this Court entered on March 27, 2013.

## ARGUMENT

The Sixth Circuit has held that "*As a general rule*, an *effective* notice of appeal divests the district court of jurisdiction over the matter forming the basis of the appeal." *NLRB v. Cincinnati Bronze, Inc.*, 829 F. 2d 585, 588 (6th Cir.1987)(emphasis added).  But as the word "effective" implies, an ineffective notice of appeal does not divest the district court of jurisdiction.

In this case, on March 27, 2013, when this Court issued its Order closing the case, there were no pending disputes before it.  But twelve days later, the Court of Appeals opinion effectively revived Local 207 and the SAAA's motion to intervene and the challenges to the November 4, 2011 order contained in that motion.  Moreover, the Sixth Circuit's opinion gave Local 207 and the SAAA the right to challenge orders issued after November 4, 2011, including the March 27, 2013 Order which gave permanent status to the November 4, 2011 order.

2

As of April 8, 2013, therefore, the Court of Appeals had effectively changed the situation by declaring that there were pending challenges to prior orders issued by this Court that had to be resolved by this Court. In effect, by operation of law, this Court's March 27, 2013 was no longer final, there was no order to appeal from, and the City of Detroit's notice of appeal was therefore premature and ineffective.

Citing precedents from other circuits, the Sixth Circuit has directly held that "…a notice of appeal from a plainly non-appealable order may properly be ignored by the district court." *Cochran v. Birkel*, 651 F 2d 1219, 1222 (6th Cir. 1981). "If a party wishes to test the authority of the district court to proceed, it may seek a writ of prohibition." *Id.* "Principles of sound judicial administration support this view," because otherwise a litigant could temporarily deprive the court of jurisdiction at any and every critical juncture merely by filing a notice of appeal from any non-appealable order entered in the district court." *Id.*

Local 207 and the SAAA believe that in this case the City of Detroit acted out of an abundance of caution and not out of bad faith when it filed its notice of appeal on the sixtieth day after this Court's March 27 order. We do not believe the City or anyone else will seek a writ of prohibition if this Court carries out the mandate of the Sixth Circuit by considering Local 207 and the SAAA's objections to this Court's order of November 4, 2011, and the re-adoption of that order in this Court's March 27, 2013. But if any party did file such a writ, we have no question that the Sixth Circuit would deny the writ, especially if this Court said in a subsequent order that it no longer consider that its March 27 Order final because it had to carry out the mandate of the Sixth Circuit's Opinion.

Moreover, it would be a far better expenditure of the resources of the parties, of this Court and of the Sixth Circuit to handle the matter that way, rather than requiring Local 207 and

3

the SAAA to challenge a new order by this Court in the Sixth Circuit by saying that this Court asserted that it could not carry out what the Sixth Circuit had ordered because it received the opinion but not the mandate before the City had filed its notice of appeal.  Indeed, there is something untoward about maintaining an order in effect—subject to enforcement proceedings as the DWSD reminds us—even though the Court of Appeals has held that the District Court has held should consider objections to it on the basis of the City's appeal which will presumably claim that the entire order should never have been issued in the first place.  This would be formalism run amok.

     We recognize that the Sixth Circuit's Opinion technically did not become final until the mandate issued.  But the Sixth Circuit has always recognized that the rule that a notice of appeal deprives the district court of jurisdiction was only a "general rule" that was "neither a creature of statute *nor … absolute in character.*"  *Island Creek Coal Sales Company v. City of Gainesville, Florida*, 764 F. 2d 437, 439 (6th Cir. 1985)(emphasis added).  As other courts have noted, it is not "always desirable, to follow the general rule," and in particular, "…it should not be employed to defeat its purposes or to induce endless paper shuffling."  *Moore's Federal Practice*, s. 3013.32[1], citing *In re Jones*, 768 F. 2d 923, 925 n. 2 (7th Cir. 1985) and *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956-957 (9th Cir. 2006).

     In this case, it makes no sense to shuffle papers to the Sixth Circuit to have it dismiss the City's notice of appeal because the District Court could not act to reconsider those challenges to its prior orders that the Sixth Circuit had ordered it to review because the City filed its notice of appeal after the Opinion had issued but before the mandate had returned to this Court.

## CONCLUSION

Because the City's notice of appeal is premature—as the City itself may recognize—Local 207 and the SAAA ask this Court to schedule the status conference in this matter so that the parties can attempt to identify the issues that have to be resolved and the procedures by which they can be resolved, particularly in light of the fact that the City now has an emergency manager under a new statute whose effects have never been considered by this Court.

> By the Intervenor's Attorneys,
> SCHEFF, WASHINGTON & DRIVER, P.C.
>
> BY:   s/George B. Washington
> George B. Washington (P-26201)
> 645 Griswold—Ste 1817
> Detroit, Michigan 48226
> (313) 963-1921

Dated: July 8, 2013

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served a copy of the foregoing Brief on counsel of record by filing it through the Court's ECF system, which will automatically send a copy of this Brief to counsel for all parties.

/s/ George B. Washington
George B. Washington
Attorney for Intervenors Local 207 and the SAAA

Dated: July 8, 2013