## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                  Case No.:  77-71100
                                      Hon. Sean F. Cox

**CITY OF DETROIT, ET AL,**

      Defendants.

_____/

### MOTION BY MICHIGAN AFSCME COUNCIL 25 AND ITS
### AFFILIATED LOCAL 207 TO INTERVENE AS PARTY DEFENDANT

NOW COMES Michigan American Federation of State, County and Municipal Employees, Council 25 and its affiliated Local 207 (jointly hereinafter referred to as "AFSCME") with this *Motion to Intervene as Party Defendant*, filed pursuant to F.R.C.P., Rules 19 and 24, and filed by its counsel, and for its Motion AFSCME states as follows:

## I.  INTRODUCTION

1.      AFSCME represents nearly one thousand employees within the City of Detroit Water and Sewerage Department (DWSD).

2.      The DWSD has been implementing a plan to reorganize a number of job titles within the DWSD.  Some titles are being eliminated, some combined and some are being newly created.

3.     The DWSD has announced a plan to remove hundreds of employees currently represented by AFSCME, and place them into different unions within the DWSD.

4.     AFSCME has pending a unit clarification petition, and unfair labor practice charge (altogether "AFSCME Filings"), before the Michigan Employment Relations Commission (MERC), concerning this issue.  AFSCME's Filings do not seek to undo the reorganization plan itself. Instead, AFSCME's Filings seek to challenge the DWSD's removal of bargaining unit work from AFSCME's units unilaterally, and challenge DWSD's failure to bargain the impact of the reorganization.

5.     On February 6, 2015, the DWSD filed a Motion for An Order Clarifying and Enforcing the Court's Orders and Barring Certain Collateral Proceedings Before the Michigan Employment Relations Commission (DWSD Motion, Docket No. 2540). The DWSD Motion seeks to prevent MERC from hearing these AFSCME Filings, which themselves are found at DWSD Motion, Docket No. 2540-2 and 2540-3.

6.     Within the DWSD Motion, the DWSD mischaracterizes the purpose and impact of the AFSCME Filings on the Orders of this Court.  For instance, the DWSD Motion claims that the AFSCME Filings would "impair or at least delay implementation" of the DWSD workforce reorganization plan. DWSD also claims

that the AFSCME Filings would negatively impact cost savings that DWSD claims is being realized by the reorganization. (DWSD Motion, Docket No. 2540, pg 18)

7. However, as with many motions for clarification the DWSD has filed with this Court in the past, the instant DWSD Motion fails to explain how the AFSCME Filings would have any impact on the reorganization plan whatsoever. It makes empty and unsupported pronouncements about an alleged impact on the reorganization or compliance with DWSD's environmental requirements.

8. AFSCME seeks to intervene in this matter. It seeks to have this Honorable Court rule that the AFSCME Filings may proceed at MERC. AFSCME has prepared a response to the DWSD Motion, and is having this Response filed simultaneous with this instant Motion. AFSCME seeks to have this Court accept its responsive pleadings to the DWSD Motion, appear at oral argument concerning the DWSD Motion, and to permit AFSCME to intervene as a party defendant in this matter.

9. Previously, both AFSCME Council 25 and AFSCME Local 207 filed motions to intervene in an effort to challenge the Court's November 4, 2011 Order (Docket No 2410), adopting the findings of the Root Cause Committee. In those instances, AFSCME Council 25 and its Local 207 sought to intervene after the November 4, 2011 ruling, and the Court held that the motions to intervene were untimely.

10.    Following AFSCME Local 207's appeal of that ruling, the Sixth Circuit has now permitted AFSCME Local 207 to intervene – albeit on a limited basis. *U.S. v. City of Detroit*, 712 F.3d 925 (6th Cir 2013). The court clarified that intervention, even post judgment, is appropriate for the intervenor to participate in future remedial efforts of the Court. Id., at 931-932, 933.

11.    With the instant motion, AFSCME is seeking to involve itself in such a remedial effort. Whereas the prior motions to intervene were made after a Court ruling, the instant motion seeks intervention to respond to the DWSD Motion, and before the Court has ruled upon the DWSD's requested relief. Thus, there is no dispute – or even suggestion – that the motion is untimely.

12.    For the reasons outlined in the Brief in Support of the Motion to Intervene, intervention is appropriate in this instance.

13.    Indeed, per F.R.C.P., Rule 19, AFSCME is a necessary party to the action, including but not limited to DWSD's Motion to block AFSCME's Filings before MERC.

14.    The DWSD failed to concur in the AFSCME request to intervene. However, DWSD did indicate that it did not object to AFSCME filing a response to the DWSD Motion by or before Friday February 27, 2015. (Stipulation, Docket No. 2542)  As such, AFSCME has filed, simultaneous with this Motion to Intervene, a response brief to the DWSD motion.

4

15.     The DWSD stipulation that AFSCME could file a response brief –

contingent on the Court's subsequent approval of intervention – is further indication

that the AFSCME motion to intervene is timely.

WHEREFORE, AFSCME respectfully requests that this Court grant

AFSCME Council 25 and its affiliated Local 207 the opportunity to intervene.

AFSCME also requests that this Court accept its Response and Brief In Support to

the DWSD Motion, as filed simultaneously with this motion.

Dated: February 26, 2015                    /s/ Richard G. Mack, Jr.
                                            Richard G. Mack, Jr., Esq.
                                            MILLER COHEN PLC
                                            600 West Lafayette Blvd., 4th Floor
                                            Detroit, MI 48226-3191
                                            Telephone: (313) 964-4454
                                            Facsimile: (313) 964-4490
                                            richardmack@millercohen.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                    Case No.:  77-71100
                                             Hon. Sean F. Cox

**CITY OF DETROIT, ET AL,**

      Defendants.
_____/

**BRIEF IN SUPPORT OF MOTION BY**
**MICHIGAN AFSCME COUNCIL 25 AND ITS AFFILIATED LOCAL 207**
**TO INTERVENE AS PARTY DEFENDANT**

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES ................................................................... ii

I.     INTRODUCTION ................................................................1

II.    STATEMENT OF FACTS ..........................................................2

III.   ARGUMENT.................................................................5

    A. Intervention by Right is Appropriate Here ......................................5

       1.  AFSCME's Motion to Intervene is Timely................................6

       2.  AFSCME has a Substantial Legal Interest in the Subject Matter of DWSD's Motion..........................................................10

       3.  AFSCME's Interest will be Impaired if DWSD's Motion is Successful................................................................11

       4.  AFSCME's Interest is not Adequately Represented by Existing Parties ................................................................12

    B. In the Alternative, Permissive Intervention is Appropriate Here.................12

    C. AFSCME is a Necessary Party ...............................................14

    D. AFSCME Has a Due Process Right to Challenge the DWSD Motion .........19

# INDEX OF AUTHORITIES

Cases                                                                                          Page

*Americans United for Separation of Church and State v. City of Grand Rapids*,
    922 F.2d 303 (6th Cir. 1990) ............................................................................12

*Bradley v. Milliken*, 828 F.2d 1186 (6th Cir. 1987) ...............................................11

*Coalition to Defend Affirmative Action v. Granholm*,
    501 F.3d 775 (6th Cir. 2007) ...............................................................................5

*Consolidated Edison Company v. National Labor Relations Board*,
    305 U.S. 197 (1938)............................................................................................18

*EEOC v. MacMillan Bloedel Containers, Inc.*,
    503 F.2d 1086 (6th Cir. 1974) .............................................................................18

*Glancy v. Taubman Centers, Inc.*, 373 F.3d 656 (6th Cir. 2004) .................15, 16, 17

*Grubbs v. Norris*, 870 F.2d 343 (6th Cir. 1989) ......................................................6

*Hamby v. Neel*, 368 F.3d 549 (2004) .....................................................................20

*Howard v Grinage*, 82 F.3d 1343 (6th Cir. 1996) ...................................................19

*Kentucky Natural Gas Corporation v. Diggins*,
    165 F. 2d 1011 (6th Cir. 1948) ...........................................................................18

*Linton v. Commissioner of Health and Env't.*,
    973 F.2d 1311 (6th Cir. 1992) .............................................................................12

*Lomayaktewa v. Hathaway*, 520 F. 2d 1324 (9th Cir. 1975)...................................18

*Mallow v. Hinde*, 25 U.S. 193 (1827) ....................................................................15

*Martin v. Wilks*, 490 U.S. 755 (1989) ....................................................................15

*Minnesota v. Northern Securities Co.*, 184 U.S. 199 (1902)...................................15

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)...............................................19

*N.L.R.B. v. Doug Neal Management Co.*, 620 F.2d 1133 (6th Cir, 1980)...............18

*Purnell v. City of Akron*, 925 F.2d 941 (6th Cir. 1991) ..........................................11

*School District of the City of Pontiac*, 584 F. 3d 253 (2009) .................................18

*Securities and Exchange Com'n. v. U.S. Realty & Imp. Co.*,
  60 S.Ct. 1044 U.S. (1940)...................................................................................13

*Teamsters Local Union No. 171 v. Keal Driveaway Co.*,
  173 F.3d 915 (4th Cir 1999) ...............................................................................17

*Triax Co. v. TRW Inc.*, 724 F.2d 1224 (6th Cir. 1984)...........................................6

*U.S. v. City of Detroit*, 712 F.3d 925 (6th Cir. 2013) ....................................2, 5, 6, 7

*Usery v. Brandel*, 87 F.R.D. 670, (W.D.Mich. 1980)...........................................13

*W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757 (1983) ...............................18


Statutes, Rules and other

F.R.C.P. 19 .........................................................................................14, 16, 17, 19
F.R.C.P. 19(a) .............................................................................................14, 18
F.R.C.P. 19(b) ......................................................................................................16
F.R.C.P. 19(a)(1)(B) ............................................................................................14
F.R.C.P. 19(a)(2)...................................................................................................14
F.R.C.P. 21 ............................................................................................................19
F.R.C.P. 24 ...................................................................................................5, 7, 13
F.R.C.P. 24(a) ........................................................................................................5
F.R.C.P. 24(b) ........................................................................................................5
F.R.C.P. 65(b) ......................................................................................................20
M.C.L.A. § 423.209 ..............................................................................................12
M.C.L.A. § 423.213 ..............................................................................................11
U.S. Const. Amend. 14 ........................................................................................19

## I.  INTRODUCTION

The American Federation of State, County, and Municipal Employees, Michigan Council 25 and its affiliated Local 207 (altogether "AFSCME"), jointly file this motion to intervene.  With this motion, AFSCME seeks to have this Court declare that its unit clarification petitions and unfair labor practice charges (AFSCME Filings), filed at the Michigan Employment Relations Commission (MERC) against the Detroit Water and Sewerage Department (DWSD) may proceed.  This motion is filed to respond to a motion by the DWSD, on February 6, 2015, seeking to prevent these AFSCME Filings from proceeding.

This DWSD Motion, seeking clarification of the November 4, 2011 Order of this Court, joins the company of a large and growing assortment, of DWSD clarification motions.  As stated in the separately-file Response to the DWSD Motion, AFSCME counts more than thirty separate DWSD requests for clarification of this Court's November 4 Order – a number of them involving labor issues.  In response to the DWSD clarification motions, this Court has stated that it did not intend to enjoin MERC from exercising its jurisdiction over DWSD labor issues; the Court simply wanted to strike certain provisions from existing union contracts and some in future contracts.  AFSCME Council 25's effort to intervene is for the purpose of clarifying that the AFSCME Filings can proceed.

AFSCME underscores its right to intervene based upon the Sixth Circuit ruling on AFSCME Local 207's appeal of this Court's intervention denial. *U.S. v. City of Detroit*, 712 F.3d 925 (6th Cir. 2013) The Sixth Circuit clarified that intervention for DWSD unions is appropriate, even at this stage of the proceedings, to address remedial issues that arise. Id., at 933.  AFSCME attaches a proposed Answer and Affirmative Defenses, and proposed Cross-Claim for declaratory relief, attached as *Exhibit C*.

## II.  STATEMENT OF FACTS

Michigan AFSCME Council 25 is the state-wide federated organization of AFSCME locals within Michigan.  The Locals receive assistance in collective bargaining union contracts and contract enforcement from paid staff representatives of Council 25.  AFSCME Local 207 is one of its federated locals.

The three AFSCME locals within the Detroit Water and Sewerage Department (DWSD) are 207, 2394 and 2920.  Local 207 represents nearly 800 general and skilled maintenance employees within DWSD.  There are two other locals within Council 25 that represent DWSD employees.  Together, Locals 2394 and 2920 represent more than 130 clerical and service workers, and investigators, at DWSD. (*Exhibit A*, Phillips Decl, ¶ 4)

On November 4, 2011, this Court issued a ruling addressing various labor issues within DWSD. (November 4, 2011 Order, Docket No 2410)  Since this Court

issued its November 4 Order, requiring that DWSD locals bargain separate contracts, the three AFSCME locals began attempting to bargain contracts with DWSD.  The three locals are at different stages in their bargaining.  Local 2920 executed a new bargaining agreement with DWSD, in existence from March 2013 until June 30, 2018.  Neither Local 207 now Local 2394 have reached new agreements. (*Exhibit A*, Phillips Decl, ¶¶ 5,6)

During March-April 2014, the DWSD revealed to AFSCME that it was planning to reorganize the DWSD workforce.  DWSD informed Catherine Phillips, AFSCME Council 25 staff representative, the reorganization would involve changes in job duties within existing job titles, and new job titles would be created.  DWSD provided a sketch of the types of changes to be expected, although all specifics had not been developed. (*Exhibit A*, Phillips Decl, ¶ 7)

Importantly, AFSCME was told that hundreds of employees would be removed from the AFSCME locals, mostly from Local 207, and placed into other unions.  The DWSD planned to do this unilaterally. (*Exhibit A*, Phillips Decl, ¶ 7)

AFSCME filed an unfair labor practice charge to protest the changes.  Its chief concern was the removal of positions from the bargaining unit, and getting MERC to order that the DWSD cease and desist removing bargaining unit positions unilaterally.  AFSCME also filed a unit clarification petition.  With that petition, AFSCME seeks to have MERC decide whether the changed job titles – following the City's

reorganization – should be kept in the same union or placed into different unions. As to the newly created titles, AFSCME seeks to have MERC decide the proper union placement. (AFSCME Filings, DWSD Motion, Docket No 2540-2, 2540-3)

Throughout the 2014 year, after receiving notice of these pending changes, AFSCME requested to bargain with DWSD concerning the impact of the changes. AFSCME has been unsuccessful in securing fruitful, sustained bargaining over these issues. (*Exhibit A*, Phillips Decl, ¶ 10)

On or about January 8, 2015, AFSCME learned that the City was actually taking members from AFSCME union and placing them into different unions. This was the first AFSCME learned that a change in union membership was actually occurring. Indeed, AFSCME had been told that the DWSD was focusing on the supervisors first, so it would be some time before DWSD decided what to do with the hourly workforce – the workers AFSCME represents. (*Exhibit A*, Phillips Decl, ¶ 10)

Given this recent development, AFSCME sought to proceed with the pleadings before MERC. However, AFSCME first sought to have a pre-hearing conference with DWSD counsel, in order to discuss how the November 4, 2011 Order impacts the progression of the AFSCME pleadings at MERC. (*Exhibit B*, email between counsel). AFSCME did not ignore this Court's Orders and seek to have the MERC schedule hearings without learning the City's position on the November 2011 Order.

# III.  ARGUMENT

## A.    Intervention by Right is Appropriate Here

F.R.C.P., Rule 24 provides that the Court must grant a party the right to intervene in an action under the following conditions:

> (a) **Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P., Rule 24(a).  A proposed intervenor must establish four factors before being entitled to intervene as of right: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect its interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest. *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007).

The Sixth Circuit has recently ruled on labor unions' request to intervene in this matter. *U.S. v. City of Detroit*, 712 F.3d 925 (6th Cir. 2013). The appellate court's ruling provided that labor unions should be permitted limited intervention:

> "The core of the Unions' purpose for intervention must be participation in shaping future remedial efforts and the right to appeal or challenge adverse orders issued within the 30–day period before intervention was sought—specifically the November 4 Order."

5

Id., at 933.  This ruling did come with limitations, such as a caution that the environmental litigation should not turn into labor arbitration. Id.  The instant motion to intervene does not intend to delve into the decades-old environmental litigation, or to make this Court a labor arbitrator.  Instead, AFSCME seeks to have this Court rule that the AFSCME Filings may proceed at MERC.

1.     **AFSCME's Motion to Intervene is Timely**

The instant effort for AFSCME's request to intervene, to challenge the DWSD's efforts to block MERC's jurisdiction, is timely. Timeliness should be evaluated in the context of all relevant circumstances. *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989) (citation omitted). According to *Triax Co. v. TRW Inc*., 724 F.2d 1224, 1228 (6th Cir. 1984), in determining whether an intervention is timely, a court will consider the following factors: (1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

This Court has addressed motions to intervene, from unions, on at least seven occasions in this case's history.  The Court consistently held that the motions were

untimely.  AFSCME Locals 207 and Senior Accountant and Appraisers Association appealed the motion for denial, resulting in a reversal of this Court's rejection of the motion to intervene. *City of Detroit, supra*.  The Sixth Circuit opinion first credited a number of the concerns raised by this Court in denying intervention.  Yet the concerns of this Court in denying the motions to intervene, as listed by the Sixth Circuit, are not present with AFSCME's motion here.

The Sixth Circuit emphasized this Court's ruling that the union did not seek to intervene before the Root Cause Committee issued its report – after a 60 day investigation period. Instead, this Court held, the unions waited until after the ruling of the Root Cause Committee before seeking to intervene. Id., at 931. The current AFSCME motion to intervene is distinct, however, in that AFSCME is seeking to intervene prior to the ruling on the DWSD's most recent effort at clarification. Indeed, AFSCME's motion is filed along with its response to the motion, and the City has signed a stipulating permitting the AFSCME response (assuming the Court permits intervention) by or before February 27, 2015.

Second, the Sixth Circuit flagged the unions' failure to limit the scope of the intervention.  It suggested that AFSCME's intervention motion "evidenc[ed] a willingness to challenge core premises of the litigation." Id., at 931.  With the current motion to intervene, however, AFSCME seeks only to establish that MERC is permitted to proceed with the AFSCME Filings.  Indeed, among the most pressing

and urgent concerns is AFSCME's desire to resolve the union membership issue, in response to the reorganization effort.  Leaving hundreds of DWSD employees uncertain as to what union they are in – unsure of who to call when a grievance or work-related issue must be addressed – is an unfair result which should be avoided. To be sure, union membership does not impact the departmental operation, since AFSCME is not seeking to change the duties that DWSD is now asking these employees to perform; nor does DWSD's Motion point to how union membership adjustments could impact departmental operation.  Still, for the sake of the employees already grappling with such tremendous change (i.e., restructuring ordered by this Court, bankruptcy, the creation of a new authority), the issue of union membership should be resolved as quickly as possible.

This motion attaches a proposed Cross-Complaint, pursuant to F.R.C.P., Rule 24.  This proposed pleading seeks declaratory relief of MERC's ability to proceed with AFSCME's Filings.  Thus, AFSCME's current motion to intervene is limited in that respect.

The Sixth Circuit also addressed the potential prejudiced of the re-litigation of settled issues.  In response, the appellate court suggested several different types of limitations on the intervention right. Id., at 932-933.  Importantly, the appellate court cautioned that "the analysis must be limited to the prejudice caused by the *untimeliness*, not the intervention itself." Id., at 933 (*emphasis* added)  In this

instance, the DWSD is seeking to re-litigate the issue of MERC's jurisdiction – as opposed to AFSCME.  As argued more fully in the AFSCME Response to the DWSD Motion, this Court has been asked by DWSD to address MERC's jurisdiction on a number of occasions.  Most recently, on January 30, 2013, the Court clarified that its injunction on MERC's jurisdiction was "intended to be quite limited in scope."  In rejecting DWSD's effort to further constrain MERC's jurisdiction, this Court cautioned that "[t]his Court did not intend to enjoin MERC from exercising jurisdiction over every dispute relating to collective bargaining that involves the DWSD."  (January 30, 2013 Order, Docket No. 2520, pgs 9-10)  AFSCME's response to DWSD's renewed effort to constrain MERC's jurisdiction is indeed timely, as this Court has yet to rule on the request.

The appellate court ultimately held that denying the unions' efforts at intervention due to the decades-long existence of the instant litigation was an abuse of discretion. Id., at 927.  In response to the concern of re-litigating, the Appellate Court suggested placing limits on the scope of intervention. Id.  As to the decades-old litigation weighing against intervention, the Court held that the suit had been remedial, not adversarial, for a long time, and would continue. Id., at 931-932.  Even though this Court formally closed the case, it expressly reserved jurisdiction to enforce its prior November 4, 2011 Order (March 27, 2013 Order, Docket No. 2528, fn 10).  Thus, continued remedial review by this Court is likely.  Such continued

review lead to DWSD's February 6, 2015 motion for clarification, nearly two years after the case had closed.[1]   Further, the Sixth Circuit specifically recognized that "courts often permit intervention even after final judgment, for the limited purpose of appeal, [citation omitted], or to participate in future remedial proceedings [citation omitted]". Id., at 931-932.

Finally, the Sixth Circuit recognized the prejudice to be faced by the unions, being forced to wait to challenge the Trial Court's orders collaterally.   The court noted that "as nonparties, the Unions would ordinarily not be bound by the district court's determinations." Id., at 933.

In this case, AFSCME's motion for intervention is timely.

### 2.   AFSCME has a Substantial Legal Interest in the Subject Matter of DWSD's Motion

The Sixth Circuit held that the unions have "substantial interests at stake that 'may as a practical matter' be impaired absent intervention". Id, at 927.   It acknowledged that the labor unions' significant legal interest in being able to address the Court in future remedial issues. Id., at 933.   Here, AFSCME is seeking to protect its right to challenge the loss of well over three hundred members.

---

[1] The City of Detroit's filing for Chapter 9 bankruptcy had stayed matters in this case since July 30, 2013. (July 30, 2013 Order, Docket No. 2539)   The DWSD's instant motion asking for clarification is the first entry on this case's docket in nearly two years. (DWSD Motion, Docket No 2540)

10

The Sixth Circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right.  See *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991); *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("[T]his court has acknowledged that 'interest' is to be construed liberally.")  The interest of AFSCME is made clear in the separately-filed AFSCME Response to the DWSD Motion.  While the DWSD is (and has been) permitted to implement a legitimate reorganization of its workforce, it is prohibited from reassigning the impacted employees to different unions in the process.  Instead, state labor law makes clear that employers are prohibited from coercing or forcing to join or support a union; the decision to unionize and which union to vote for must be one of an employee's "free choice."  When an employer reorganizes the job titles, the Michigan Employment Relations Commission must decide the union membership of the new or changed positions. M.C.L.A. §§ 423.209, 423.213.

This Court's November 4, 2011 Order never provided that the DWSD was able to unilaterally select union membership of its employees – even after reorganizing its work force.  AFSCME's interests here are clear, and not an affront to prior Court orders.

### 3.     AFSCME's Interest will be Impaired if DWSD's Motion is Successful

As stated, AFSCME risks losing hundreds of members if unable to challenge the City's unilateral adjustment of union membership within DWSD.  Such a

dramatic change will impact the influence of the AFSCME locals, and its ability to assist the employees who expect, and are entitled to, representation.

### 4. AFSCME's Interest is not Adequately Represented by Existing Parties

There is no credible argument here that the existing parties would represent the AFSCME interest. *Linton v. Commissioner of Health and Env't.*, 973 F.2d 1311, 1319 (6th Cir. 1992) ("the movants must prove that they were inadequately represented by the existing original parties. [citation omitted] This burden of proof is minimal because it is sufficient that the movants prove that representation may be inadequate.") Further, "[a] decision not to appeal by an original party to the action can constitute inadequate representation of another party's interest." *Americans United for Separation of Church and State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990).

The existing parties, in fact, agreed to the significant limitations on the rights of AFSCME and its members, which the unions challenged.  See, November 4, 2011 Order.   The existing parties not only failed to appeal the orders controversial to the unions, but have been complicit in securing such.

### B. In the Alternative, Permissive Intervention is Appropriate Here

Under F.R.C.P., Rule 24(b) the intervention should be permitted if the applicant presents a "claim or defense" which has "a question of law or fact in common" with the main action:

(1) **In General.** On timely motion, the court may permit anyone to intervene who:

(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed.R.Civ.P. 24.

Indeed, the intervenor under this section "does not even have to be a person who would have been a proper party at the beginning of the suit." *Usery v. Brandel*, 87 F.R.D. 670, (W.D.Mich.1980 (citing, 7A C. Wright & A. Miller, Federal Practice & Procedures 1911, at 539 (1972)).  The United States Supreme Court has stated that section 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Securities and Exchange Com'n. v. U.S. Realty & Imp. Co.,* 60 S.Ct. 1044 U.S. (1940).

A common question of law in this case is the ability of the AFSCME Filings to proceed at MERC.  AFSCME seeks to challenge the DWSD Motion, and request of this Court that the AFSCME Filings may proceed.  For reasons similar to that outlined in the section discussing mandatory intervention, above, this Court should grant AFSCME's motion to intervene.

### C.     AFSCME Council 25 is a Necessary Party

AFSCME contends F.R.C.P., Rule 19 calls for it to be a necessary party in this action, which also militates toward it being allowed to intervene. Rule 19(a) states as follows:

> **(a) Persons Required to Be Joined if Feasible.**
>
> **(1)** ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The next section of the rule, Rule 19(a)(2), states that the party must be joined by Court order if not already joined as of that time.

Under Rule 19(a)(1)(B), AFSCME is subject to service of process, and its joinder will not impact the Court's jurisdiction.  Further, AFSCME has "an interest relating to the subject of the action".  Indeed, the very "subject of the [DWSD] action" is AFSCME's interest in its claims before MERC.  Third, "disposing of the

14

action in [AFSCME's] absence" will, as the DWSD motion specifically seeks, "as a practical matter impair or impede [AFSCME's] ability to protect the interest".

The general rule is that "a person cannot be deprived of his legal rights in a proceeding to which he is not a party." *Martin v. Wilks*, 490 U.S. 755, 759 (1989). For over a century, courts have recognized that they have a duty not to grant relief that "would injuriously affect persons materially interested in the subject-matter who are not made parties to the suit." *Minnesota v. Northern Securities Co*., 184 U.S. 199, 235 (1902). The Supreme Court said in *Mallow v. Hinde*, 25 U.S. 193, 194 (1827), "[I]f the rights of those not before the Court are inseparably connected with the claim of the parties litigant, so that a final decision cannot be made between them without affecting the rights of the absent parties, the peculiar constitution of the Circuit Court forms no ground for dispensing with such parties."

The test of whether an absent party's interest would be impaired or impeded is "the prejudice that might befall the absentee's interest if the litigation proceeded without the absentee." *Glancy v. Taubman Centers, Inc*., 373 F.3d 656, 666-667 (6th Cir. 2004) (citation omitted) The Sixth Circuit engages in a three part test to determine the necessity of a party under Rule 19: 1) "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)"; 2) "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction."; 3) "Third, if

joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable." Id., at 666.[2]

In *Glancy*, the plaintiff-shareholder brought class and shareholder-derivative claims against the company (TCI) and various board members – claiming that the company board members' opposition to a tender offer from another entity was a breach of fiduciary duty.  Albert Taubman and his family partnerships owned "preferred stock" in TCI, and opposed the takeover. In the complaint, the plaintiff sought a court order to diminish the voting rights of certain stock owned by Albert Taubman-family partnerships, and to compel TCI to more favorably consider the takeover.  Plaintiff named the Defendant TCI and TCI board members, but not Taubman-family partnerships. Id., at 661-662.

The Sixth Circuit indicated that, by seeking to invalidate stock of the Taubman family partnerships, the plaintiff "potentially impacts the interests of more than just those named defendants." Id., at 663.  In the court's Rule 19 analysis it found that

---

[2] The Court also looks at whether there were current parties in the litigation that would "adequately represent" the interest of the nonparty absentee, *Glancy, supra*, at 667-668. However this test is not considered as part of the necessary party analysis under Rule 19(a). Id., at 668-670.  Plus, that factor is not relevant in the instant matter, as no credible argument exists that an existing party will raise the arguments being raised by AFSCME, and its ability to advance its AFSCME Filings.

the Taubman partnerships were necessary parties because the interest in their voting

"shares would be impeded or impaired by the requested relief." Id., at 665.[3]

See also *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d

915 (4th Cir 1999), where two unions and an employer participated in an arbitration

proceeding, and one union was successful.  The union which lost the proceeding

sought to vacate the award, without including the successful union as a party.  The

vacation of the award would have precluded the successful union's ability to enforce

its rights under the award.  The Fourth Circuit declared: "It is plain not only that [the

successful union] should have been joined in this action 'if feasible,' but also that

the district court could not 'in equity and good conscience' have proceeded in that

party's absence." Id., at 918.[4]

Similarly here, the DWSD's motion, to enjoin AFSCME's actions before the

MERC, makes AFSCME a necessary party.  AFSCME would lose its ability to

enforce its state labor law rights, and has a right under F.R.C.P., Rule 19 to challenge

the DWSD efforts as a necessary party.

---

[3] The court then held that the presence of the Taubman-family partnerships as parties would impact the diversity jurisdiction of the court. Thus, Taubman-family partnerships were indispensable parties to the litigation. As to whether the action could not go forward in the absence of the Taubman-family partnerships, the Sixth Circuit remanded to the district court for that determination.

[4] See also Wright and Miller, Federal Practice and Procedure, § 1620, at 304.

The instant situation is similar to where a party to a contract is deemed a necessary party to an action seeking to void the contract.  "No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable" parties. *School District of the City of Pontiac*, 584 F. 3d 253, 303 (2009)(en banc)(McKeague, J, concurring), citing *Lomayaktewa v. Hathaway*, 520 F. 2d 1324, 1335 (9th Cir. 1975); *Kentucky Natural Gas Corporation v. Diggins*, 165 F. 2d 1011, 1016 (6th Cir. 1948) (In an action to rescind a contract all of the parties to the contract are necessary parties.)[5]

Nor does the issuance of the final judgment in this matter preclude AFSCME from being added as a necessary party.  This Court has retained jurisdiction over enforcement of its November 2011 Order.  (Order of Dismissal, Docket No. 2528, pg 33, fn 10)  Indeed, the instant motion of DWSD is brought pursuant to that Order, and gives rise to this motion to intervene and for AFSCME to be deemed a necessary party.  *N.L.R.B. v. Doug Neal Management Co.,* 620 F.2d 1133,1139 (6th Cir, 1980)

---

[5] See also *Consolidated Edison Company v. National Labor Relations Board*, 305 U.S. 197, 232-233, (1938) (the court agreed that the unions "having valuable and beneficial interests in the contracts were entitled to notice and hearing before they could be set aside", saying that such a rule rests upon "the plainest principle of justice".); *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 771 (1983); *EEOC v. MacMillan Bloedel Containers, Inc*., 503 F.2d 1086, 1095 (6th Cir. 1974) (holding that the EEOC followed the proper course when it joined the Union under Rule 19(a), Fed.R.Civ.P. since this provided the union with a full opportunity to participate in the litigation and the formulation of proposed relief against the employer).

(the appellate court stated "[i]t is noted that the issue of the indispensable party has not been raised previously does not preclude this Court, sua sponte, from raising it now.")

This Honorable Court should add AFSCME Council 25 as a necessary party on its own Motion. F.R.C.P., Rule 21.  At the least, AFSCME should be considered a necessary party under F.R.C.P., Rule 19.

## D.   AFSCME Has a Due Process Right to Challenge the DWSD Motion

A fundamental requirement of due process of law is the opportunity to be heard.  U.S. Const. Amend. 14.  "This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).  The interested parties being potentially impacted by a court's ruling must be given "notice [that] convey[s] the required information [citation omitted] and it must afford a reasonable time for those interested to make their appearance." Id.

The requirements of due process serve an important goal: "to minimize the risk of substantive error, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process." *Howard v Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996) (citations omitted).  "The touchstone of procedural due process is the fundamental requirement that an individual be given

the opportunity to be heard in a meaningful manner." *Hamby v. Neel*, 368 F.3d 549, 562 (2004) (citations omitted).

The concept of due process is imbedded within the federal court rules. See, for instance, F.R.C.P., Rule 65 which requires notice before the Court may issue a preliminary injunction. Only under narrowly circumscribed circumstances may the court ignore the notice requirement. F.R.C.P., Rule 65(b).

Here, AFSCME has received the notice of the DWSD Motion – seeking to prevent the AFSCME Filings. Now, AFSCME seeks the "opportunity to be heard" on the issue.

WHEREFORE, AFSCME respectfully requests that this Court grant AFSCME Council 25 and its affiliated Local 207 the opportunity to intervene. AFSCME also requests that this Court accept its Response and Brief in Support to the DWSD Motion, as filed simultaneously with this motion.

Dated: February 26, 2015

/s/ Richard G. Mack, Jr.
Richard G. Mack, Jr., Esq.
MILLER COHEN PLC
600 West Lafayette Blvd., 4th Floor
Detroit, MI 48226-3191
Telephone: (313) 964-4454
Facsimile: (313) 964-4490
richardmack@millercohen.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

       Plaintiff,

v.                                                        Case No.:  77-71100
                                                    Hon. Sean F. Cox

**CITY OF DETROIT, ET AL,**

       Defendants.
_____/

## PROOF OF SERVICE

The undersigned certifies that on February 26, 2015, the American Federation of State, County and Municipal Employees Council 25 (AFSCME) electronically filed their *Motion by Michigan AFSCME Council 25 to Intervene as Party Defendant*, with the Clerk of the Court for the United States District Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically, as well as serving an electronic copy on counsel for DWSD.

                           /s/ Richard G. Mack, Jr._____
                           Richard G. Mack, Jr., Esq.
                           MILLER COHEN PLC
                           600 West Lafayette Blvd., 4th Floor
                           Detroit, MI 48226-3191
                           Telephone: (313) 566-4787
                           Facsimile: (313) 964-4490
                           richardmack@millercohen.com