# EXHIBIT A

## DECLARATION OF
## **CATHERINE PHILLIPS**

COUNTY OF WAYNE  )
                 ) SS
STATE OF MICHIGAN )

I, CATHERINE PHILLIPS, declare under penalty of perjury that the foregoing is true and correct:

1. The below are comments given in truth, to the best of my ability, and if called to testify I would be competent to testify as to such, except for matters stated on information and belief and legal assertions.

2. I am an employee of Michigan AFSCME Council 25, a staff representative. My job is to assist various locals of AFSCME within the state of Michigan to bargain their union contracts and file and advance grievances. AFSCME locals in Michigan are federated members of Council 25.

3. I am assigned as service representative for AFSCME locals within the City of Detroit Department of Water and Sewerage (DWSD). The three AFSCME locals are 207, 2394 and 2920. I have been a staff representative for 12 years. Prior to that I was president of a DWSD local, Local 2920, from 1995 until 2002.

4. Local 207 represents nearly 800 general and skilled maintenance workers within DWSD. Local 2394 represents 2 investigators within in DWSD. Finally, Local 2920 represents 131 clerical and service workers within DWSD.

1

5.   Since this Court issued its November 4, 2011 Order, requiring that DWSD locals bargain separate contracts, the three AFSCME locals began attempting to bargain contracts with DWSD. The three locals are at different stages in their bargaining with the DWSD. In October 2012, the DWSD announced employment terms that would be imposed on all Locals. Since that time, Local 2920 executed a new bargaining agreement with DWSD, in existence from March 2013 until June 30, 2018.

6.   Local 2394 does not have a bargaining agreement. Similarly Local 207 does not have a bargaining agreement at this time.

7.   During March-April 2014, the DWSD indicated to me that it was planning to reorganize the entire department. I was told there would be changes in job duties within existing job titles, and new job titles would be created. I was given a document summarizing the plans. The DWSD was unaware of when the changes would happen or what the exact changes would be. I was told things were still in the planning stages. We were told that hundreds of employees would be removed from the AFSCME locals, mostly from Local 207, and placed into other unions. We were told that the City would do this unilaterally.

8.   AFSCME filed an unfair labor practice charge to protest the changes. Our chief concern was the removal of positions from the bargaining unit, and getting MERC to order that the DWSD cease and desist removing bargaining unit positions

2

positions unilaterally. In my experience, typically an employer will have the ability to reorganize its workforce. However, with respect to new or changed job titles, I understand that the Michigan Employment Relations Commission (MERC) has the responsibility of placing the positions into bargaining units; not the employers.

9. We also filed a unit clarification petition. With that petition, we seek to have MERC decide whether the changed job titles – following the City's reorganization – should be kept in the same union or placed into different unions. As to the newly created titles, we seek to have MERC decide the proper union placement.

10. Throughout the 2014 year, after I received notice of these pending changes, I requested to bargain with DWSD concerning the impact of the changes. This means to bargain over issues that arise as a consequence of the changes. While there has been bargaining, it has not been smooth.

11. On or about January 8, 2015, I learned that the City was actually taking AFSCME members from the union and placing them into different unions. This was the first I heard that the change in union membership was occurring. Indeed, I had been told that the DWSD was focusing on the supervisors first, so it would be some time before DWSD decided what to do with the hourly workforce – the workers AFSCME represents.

3

12. When I learned that members were being removed from AFSCME, we asked our attorney to proceed with the actions we had pending before the MERC: namely the unfair labor practice charge and the unit clarification petition.

13. I have read the Court's November 4, 2011 Order, and the 13 paragraph section where the Court mandates certain actions and enjoins others, regarding DWSD-labor issues. I can say confidently that in all my time as former president of Local 2920 and subsequently staff representative, I have never heard from any management agent at DWSD that these changes were necessary in order to assist the City in complying with the Clean Water Act.

Further declarant sayeth not.

_____  2/23/15
CATHERINE PHILLIPS