UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CITY OF DETROIT, *et al.*,

        Defendants.

Hon. Sean F. Cox

Case No. 77-71100

**THE DETROIT WATER AND SEWERAGE DEPARTMENT'S RESPONSE TO MICHIGAN AFSCME COUNCIL 25 AND ITS AFFILIATED LOCAL 207'S MOTION TO INTERVENE AS PARTY DEFENDANT**

**I.    INTRODUCTION**

The Detroit Water and Sewerage Department ("DWSD"), by and through its attorneys Dykema Gossett PLLC, submits this response to Michigan American Federation of State, County and Municipal Employees, Council 25 ("Council 25") and its affiliated Local 207's ("Local 207" and collectively "AFSCME") Motion to Intervene as Party Defendant.  DWSD does not object to AFSCME filing its Response to DWSD's Motion for Order Clarifying and Enforcing the Court's Orders Barring Certain Collateral Proceedings Before the Michigan Employment Relations Commission, but does object to AFSCME's intervention at this time because this Court lacks jurisdiction to rule on intervention while the City's appeal is pending.  Instead, because this Court has jurisdiction to enforce its prior orders

and, therefore, jurisdiction to rule on DWSD's Motion, DWSD suggests that AFSCME's Response to the Motion be accepted as an amicus brief.

## II. BACKGROUND FACTS

In late 2011, Council 25 and Local 207 filed motions to intervene in this action. This Court denied the motions, and both Council 25 and Local 207 filed interlocutory appeals to the Sixth Circuit Court of Appeals. On March 27, 2013, this Court issued an Opinion & Order Terminating Second Amended Consent Judgment And Closing This Case (D.E. No. 2528). On April 8, 2013, the Sixth Circuit issued an Opinion on the appeal, reversing this Court's denial of Local 207's request for intervention and remanding for consideration of a possible limited intervention under guidelines delineated in the Sixth Circuit's Opinion. Council 25 moved to voluntarily dismiss its appeal, which was granted by the Sixth Circuit. *United States v. City of Detroit*, 712 F.3d 925 (6th Cir. 2013). Then, before the Mandate issued as to the Sixth Circuit's April 8, 2013 Opinion on May 31, 2013, the City of Detroit filed a Notice of Appeal in this action on May 22, 2013 (D.E. No. 2532).

On June 5, 2013, this Court issued an Order To Show Cause, stating that it appears that this Court is without jurisdiction over this matter, including the jurisdiction to address the remand of Local 207's request for intervention, and asking any party who believed otherwise to show cause by July 5, 2013 why this

2

Court had not been divested of jurisdiction (D.E. No. 2535). In response, DWSD stated that it agreed that this Court lacked general jurisdiction, except for the limited purpose of enforcing its prior orders, by the filing of the City's appeal (D.E. No. 2537). Local 207 filed an untimely response, arguing that this Court had jurisdiction (D.E. No. 2538). No further action was taken by this Court.

The City's appeal is still pending. During the pendency of the City's bankruptcy, the appeal was held in abeyance. Just recently, the Sixth Circuit granted the City's Motion To Continue Appeal In Abeyance Until June 15, 2015 and ordered the City to give its "next status report" no later than August 3, 2014 (D.E. No. 2550).

On February 6, 2015, DWSD filed a Verified Motion For An Order Clarifying And Enforcing The Court's Orders Barring Certain Collateral Proceedings Before The Michigan Employment Relations Commission (the "Motion") (D.E. No. 2540). In response, AFSCME filed a motion to intervene in order to respond to DWSD's Motion (D.E. No. 2546). DWSD does not object to AFSCME's filing its Response to the Motion but, for the reasons set forth below, including those stated in this Court's Order to Show Cause, objects to AFSCME's intervention.

3

## III. ARGUMENT

DWSD does not object to AFSCME filing its Response to DWSD's Motion, but does object to AFSCME's intervention at this time. As this Court recognized in its Order to Show Cause (D.E. No. 2535), because the City's appeal is pending, it appears that this Court is without jurisdiction to take action on the Sixth Circuit's remand order relating to Local 207's limited intervention. Likewise, the Court is without jurisdiction to rule on AFSCME's newly filed motion to intervene. In addition, DWSD respectfully suggests that the nature and scope of any intervention by AFSCME should be considered in the broader context of possible union intervention as delineated by the Sixth Circuit in its Opinion remanding the case for such consideration. As such, for the reasons set forth in this Court's Order To Show Cause, AFSCME's motion to intervene should be denied.

DWSD respectfully suggests, as an alternative to intervention, that the Court treat AFSCME's Response as an amicus brief. Courts have routinely held participation as amicus curiae is appropriate and sufficient when intervention is inappropriate. *See, e.g., Ryan v CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (explaining amicus status appropriate where party has some interest but intervention inappropriate); *NBD Bank, N.A. v. Bennett*, 159 F.R.D. 505, 508 (S.D. Ind. 1994) (denying intervention and granting applicants amicus status); *Silver v. Babbitt*, 166 F.R.D. 418, 434 (D. Ariz. 1994) (same). The Sixth Circuit and the

4

United States District Court for the Eastern District of Michigan concur with the majority of federal courts on this principle. *See, e.g.*, *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000) ("[T]he concerns of an entity seeking intervention can be presented with complete sufficiency through . . . participation[ as amicus curiae]."); *Anglers of the Au Sable v. US Forest Serv.*, 590 F. Supp. 2d 877, 883 (E.D. Mich. 2008) (reasoning participation as amicus curiae appropriate where intervention improper); *McKinstry v. Genesee Cnty. Circuit*, 669 F. Supp. 801, 803 (E.D. Mich, 1987); *In re Consumers Power Co. Sec. Litigation*, 109 F.R.D. 45, 49 (E.D. Mich. 1985) ("A person may be granted leave to appear as amicus curiae when he has no right to intervene and participate as a formal party in the suit.").

Here, this Court retains the limited jurisdiction to enforce its judgments and orders even though the City's appeal is pending. *See, e.g.*, *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007) (*citing N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)). As such, DWSD's Motion is properly before this Court and AFSCME's Response should perhaps be considered as an amicus brief since intervention would be inappropriate at this time.

## IV. CONCLUSION

AFSCME's request for intervention should be denied because this Court lacks the jurisdiction to rule on such motion while the City's appeal is pending. Instead, DWSD suggests that this Court consider AFSCME's Response to DWSD's Motion as an amicus brief since intervention is inappropriate at this time. DWSD does not, in any event, object to this Court's consideration of AFSCME's response to DWSD's pending motion to enforce the Court's orders.

                            DYKEMA GOSSETT PLLC

                            By: */s/Lauren M. Phillips*
                                Robert J. Franzinger (P25539)
                                Kathryn J. Humphrey (P32351)
                                Mark D. Jacobs (P41878)
                                Lauren M. Phillips (P74102)
                                Attorneys for DWSD
                                400 Renaissance Center
                                Detroit, MI 48243
                                (313) 568-6690
                                rfranzinger@dykema.com
                                lmphillips@dykema.com

Dated: March 16, 2015

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's ECF system on this 16th day of March, 2015.  On March 16, 2015, a hard copy of the foregoing document was also sent by U.S. Mail to:

Joseph W. Colaianne
Oakland County Corporation Counsel
1200 N. Telegraph Road
Suite 419 Bldg. 14E
Pontiac, MI 48341-0419

John H. Fildew
Fildew Hinks
26622 Woodward Avenue
Suite 225
Royal Oak, MI 48067

Robert J. Hribar
16931 19 Mile Road
Mount Clemens, MI 48044

Charles E. Lowe
Lowe, Lewandowski,
905 W. Ann Arbor Trail
Plymouth, MI 48170

Richard G. Mack, Jr.
Miller Cohen PLC
600 W Lafayette Blvd., Fl. 4
Detroit, MI 48226-2711

DYKEMA GOSSETT PLLC

By: */s/Lauren M. Phillips*
Lauren M. Phillips (P74102)
Attorneys for DWSD
400 Renaissance Center
Detroit, MI 48243
(313) 568-5416
lmphillips@dykema.com