UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                              Case No.: 77-71100
                                                            Hon. Sean F. Cox

**CITY OF DETROIT, ET AL,**

    Defendants.
_____/

**REPLY TO MOTION BY MICHIGAN AFSCME COUNCIL 25 AND ITS
AFFILIATED LOCAL 207 TO INTERVENE AS PARTY DEFENDANT**

## I. INTRODUCTION

The Detroit Water and Sewerage Department (DWSD) filed a Response Brief to AFSCME's Motion to Intervene (DWSD Brief, Docket No. 2551). Within, DWSD objects to AFSCME's Motion to Intervene (Docket No. 2546) "because this Court lacks jurisdiction to rule on intervention while the City's appeal is pending." (Response Brief, pg 1) Most significantly, DWSD's Brief is completely devoid of arguments on the merits against AFSCME's request to intervene. AFSCME's motion to intervene was based upon the four factor test – the timeliness of the motion, AFSCME's substantial legal interest, the consequence to AFSCME of being denied the right to intervene, and that the current parties cannot protect AFSCME's interest. *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007)  Yet, DWSD's responds by flagging only a lack of jurisdiction for this Court to decide the matter at this time. It then suggested that the Court accept the AFSCME response brief, to the DWSD Motion for Order Clarifying and Enforcing the Court's Orders Barring Certain Collateral Proceedings Before the Michigan Employment Relations Commission ("DWSD Motion", Docket No. 2540), as an amicus brief. Thus, DWSD does not oppose the merits of AFSCME's intervention.

As to its one argument against intervention, DWSD acknowledges that this Court has jurisdiction to enforce its own orders. It follows that this Court would have jurisdiction to grant AFSCME intervention <u>for the limited purpose of addressing</u>

1

efforts to clarify or enforce the Court's orders. AFSCME requests such intervention with its motion, without waiving its right to seek more broad intervention – as suggested and circumscribed by the Sixth Circuit in *United States v. City of Detroit,* 712 F.3d 925 (6th Cir. 2013) – at a later time. The question of AFSCME's right for more broad intervention need not be ruled upon, at this moment, in order for this Court to permit AFSCME to fully engage regarding the DWSD Motion (Docket No. 2540).

## II. THE COURT MAY GRANTED LIMITED INTERVENTION WHILE ENFORCING ITS OWN ORDERS

A Court has inherent authority to enforce its own orders. As stated in *American Town Center v. Hall 83 Assocs.,* 912 F.2d 104, 110 (6th Cir.1990),

> "this court ruled that while as a general rule a notice of appeal divests the district court of its jurisdiction to expand upon an opinion, the district court retains jurisdiction to 'enforce its judgment so long as the judgment has not been stayed or superseded.'"

(quoting, *National Labor Relations Board v. Cincinnati Bronze*, 829 F.2d 585, 588 (6th Cir.1987))

Since the Court has jurisdiction to enforce its own orders, it may grant AFSCME's request for intervention for the limited purpose of enforcing or clarifying its orders. In *United States v. City of Detroit*, the Sixth Circuit Court of Appeals held that "courts are not faced with an all-or-nothing choice between grant or denial; Rule 24 also provides for limited-in-scope intervention." 712 F.3d 925,

2

931 (6th Cir. 2013). The court analyzed in detail cases in which courts granted limited intervention. These cases include the following: *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 394, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977) (permitting intervention even after final judgment, for the limited purpose of appeal); *Hodgson v. United Mine Workers of Am.,* 473 F.2d 118, 129 (D.C.Cir.1972) (permitting intervention to participate in future remedial proceedings); *Fund For Animals, Inc. v. Norton,* 322 F.3d 728, 737–38 & n. 11 (D.C.Cir.2003) (reversing denial of intervention and remanding to district court with the "option" to limit scope); *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 537, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972) (permitting intervention limited "to the claims of illegality presented by the Secretary's complaint," but not permitting consideration of two additional grounds for setting aside union election).

This Court "retains broad discretion in setting the precise scope of intervention." *City of Detroit*, 712 F.3d at 933. The Sixth Circuit held that "[l]imited intervention is particularly appropriate in fact-specific situations such as this one, where the case is complicated, non-adversarial, and implicates the public interest; getting all interested parties to the table promotes an effective and fair solution, but preventing an expansion of the scope is necessary to keep control of the case." *Id*. at 932. The court found that a denial of intervention could result in potential prejudice

3

in the form of delay due to collateral challenges to the Court's orders by unions.[1] Ironically here, AFSCME is not challenging the Court's orders but rather it is seeking intervention to respond to DWSD's purported effort to enforce this Court's motion (AFSCME describes the effort as an <u>expansion</u> of the Court's order).

    A limited grant of intervention in order to enforce a judgment is well supported in the case law. For example, see *United States v. National Steel Corp.*, 782 F.2d 62, 63 (6th Cir. 1986), where the United States sued a private company under the Clean Air Act. The parties reached a consent decree, entered by the court in March 1981. Two years later, a non-profit environmental advocacy group alleged the defendant was out of compliance with the consent decree, and it filed a motion to intervene in the original action and sought to enforce the consent decree. The district court granted the motion to intervene, and enforced the judgment.[2] Id.

    In *United States v. Kurdziel Iron Industries*, 1991 WL 239992 (W.D. Mich. 1991) (attached) the Michigan Department of Natural Resources petitioned the court for permission to intervene in an enforcement action brought by the United States against Kurdziel Iron Industries. The state's intervention request was limited "to enforcement of the existing decree and d[id] not seek to expand the scope of the

---

[1] It explained, "[A]s nonparties, the Unions would ordinarily not be bound by the district court's determinations." *Id*. at 933.

[2] The United States also filed a motion to enforce the consent decree. In the Sixth Circuit opinion, the intervenor sought attorney's fees, but the Sixth Circuit denied such under its reading of the Clean Air Act.

4

lawsuit." Id., at 1. The court granted the motion for intervention, albeit unopposed. Similarly here, AFSCME's instant effort to intervene does not seek to expand the scope of the lawsuit, but is limited to responding to a purported effort to enforce this Court's November 4, 2011 Order.

See also *Secretary of Department of Labor v. King*, 775 F.2d 666 (6th Cir. 1985) (allowing intervention by bank, as a successor trustee of employee benefit plan, in order to enforce a consent judgment which the parties had executed and the court entered); *Dorsett v. County of Nassau*, 283 F.R.D. 85 (E.D. N.Y. 2012) (allowing intervention for the limited purpose of enforcing confidentiality and protective orders); *Gautreaux v. Chicago Housing Authority*. 610 F. Supp. 29, 30 (N.D. Ill. 1985) (motion by intervenor seeking attorney's fees, where previously the court allowed intervention "for the limited purpose to monitor and enforce the previous order of this Court . . . .")

### III. THIS COURT NEED NOT CONSIDER AMICUS CURIAE STATUS FOR AFSCME

The Detroit Water and Sewerage Department suggests that the Court treat AFSCME's Response as an amicus brief. AFSCME suggests that this Court need not consider such suggestion, given the options within the scope of limited intervention this Court may employ.

The cases cited by DWSD in its brief do not establish that treating AFSCME as an amicus is preferred over limited intervention. Indeed, the cases perform

analyses of the appropriateness of intervention in those fact-specific instances. Here, DWSD has presented no analysis as to the merits of AFSCME's intervention, so their reliance on cases which include such analysis is misplaced. For instance, in *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir 1997), the court clarified that an amicus brief is appropriate when an individual's interest is not impacted enough to justify intervention:

> "An amicus brief should normally be allowed … when the amicus has an interest in some other case that may be affected by the decision in the present case (<u>though not enough affected to entitle the amicus to intervene</u> and become a party in the present case)"

(<u>emphasis</u> added)  Here, unlike the *Ryan* case, DWSD does not argue that AFSCME's interest is impacted short of the point which would justify intervention. DWSD presents no substantive arguments against AFSCME's intervention – just an objection of timing. Similarly, in the other cases cited by DWSD, the courts ruled on the merits of the intervention issue by evaluating the facts concerning intervention.

If the Court is inclined to consider the alternative of an amicus brief without limited intervention, AFSCME requests that it be permitted to fully participate in the current request to clarify/enforce the Court's order. This includes presentation of pleadings, equal time at oral argument, participation in creating/reviewing the language of any ultimate order this Court may consider, and any other aspect of the instant request to clarify/enforce. Limiting AFSCME to the role of amicus – with

6

the presentation of a response brief with no more – would unfairly deny AFSCME's due process right to respond to the relief sought in the DWSD Motion.

WHEREFORE, AFSCME respectfully requests that this Court grant AFSCME Council 25 and its affiliated Local 207 the opportunity to intervene. AFSCME requests the intervention to temporarily be limited to the purpose of addressing the arguments raised in the pleadings surrounding the DWSD Motion for clarification / enforcement (Docket No. 2540).  AFSCME, and its affiliated Local 207, reserve their right to seek more broad intervention upon the dismissal of the appeal of the City of Detroit, or ruling of this Trial Court that it indeed has jurisdiction of this matter.  AFSCME also requests that this Court accept its Response and Brief in Support to the DWSD Motion, as filed simultaneously with its Motion to Intervene.

Dated: March 23, 2015                  /s/ Richard G. Mack, Jr.
                                                                     Richard G. Mack, Jr., Esq.
                                                                     MILLER COHEN PLC
                                                                     600 West Lafayette Blvd., 4th Floor
                                                                     Detroit, MI 48226-3191
                                                                     Telephone: (313) 964-4454
                                                                     Facsimile: (313) 964-4490
                                                                     richardmack@millercohen.com

# ATTACHMENT

Westlaw.

Not Reported in F.Supp., 1991 WL 239992 (W.D.Mich.)
(Cite as: 1991 WL 239992 (W.D.Mich.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, W.D. Michigan, Southern Division.
UNITED STATES of America, Plaintiff,
Frank J. Kelley, Attorney General of the State of Michigan, ex rel. Michigan Natural Resources Commission, and Roland Harmes, Director of the Michigan Department of Natural Resources, Applicants for Intervention,
v.
KURDZIEL IRON INDUSTRIES, Defendants.

No. 1:87–CV–394.
Oct. 16, 1991.

*OPINION*
BENJAMIN F. GIBSON, Chief Judge.

*1 The Attorney General of the State of Michigan ex rel. the Michigan Natural Resources Commission and the Director of the Michigan Department of Natural Resources have petitioned the Court for permission to intervene in an enforcement action brought by the United States against Kurdziel Iron Industries. Applicants move for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure and, in the alternative, permission to intervene under Rule 24(b). The motion is unopposed.

I.

On May 5, 1987, the United States filed a complaint against defendant, Kurdziel Iron Industries, alleging various violations of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 *et seq.* On July 7, 1987, this Court entered a consent decree requiring the defendant to take specific actions in order to conform with RCRA. On July 31, 1991, the United States filed a motion to enforce the consent decree and judgment and for civil contempt sanctions, stipulated penalties, and further equitable relief. The United States claimed, therein, that Kurdziel had violated various aspects of the consent decree. On September 16, 1991, the state applicants for intervention filed the motion currently pending before the Court. Applicants specifically limit their motion to enforcement of the existing decree and do not seek to expand the scope of the lawsuit. *See* Brief of Applicants for Intervention at 3.

II.

Rule 24(a) of the Federal Rules of Civil Procedure states:

[U]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The state applicants for intervention must thus prove that its application to intervene was timely. They must further prove either that a statute has granted them the right to intervene or that they have an interest in the enforcement of the consent decree which could be impeded or impaired without their intervention.

III.

Applicants for intervention claim that Congress has provided a statutory right to intervene in two separate instances. First, applicants claim that intervention is authorized by Title 42 United States Code Section 6972(b)(1)(B) which authorizes intervention as of right in suits brought by citizens. Second, applicants claim that intervention is authorized by Title 42 United States Code Section 9613(i) which states that persons who have an interest related to the subject matter of the litigation may intervene as of right in actions commenced un-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1991 WL 239992 (W.D.Mich.)
**(Cite as: 1991 WL 239992 (W.D.Mich.))**

der RCRA if

the person claims an interest in the subject matter of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede the person's ability to protect that interest unless the President or the State shows that the person's interest is adequately represented by existing parties.

*2 42 U.S.C. § 9613(i).[FN1]

The Court does not have to address the difficult question of whether Title 42 United States Code Section 6972(b)(1)(B) allows intervention in suits by the government as well as in suits by citizens as it finds that applicants are entitled to intervention under Title 42 United States Code Section 9613(i). The criteria for intervention articulated in this provision are similar to those articulated in Rule 24(a)(2), except that the applicant no longer bears the burden of proving that its interest is already adequately protected by another party in the litigation. Instead, the enforcing agency must show that the parties' interest is adequately represented. 42 U.S.C. § 9613(i). The United States has not demonstrated that the state's interest is already adequately represented. At the same time, the state has set forth compelling reasons as to why they have an interest in the suit.

The state's interest is that of the primary enforcing agency under RCRA. The state of Michigan has the responsibility of implementing the RCRA hazardous waste management program within its boundaries.[FN2] In addition, the consent decree at issue in the litigation requires that the Michigan Department of Natural Resources review and approve aspects of the consent decree. Thus, Michigan will have to be closely involved with this suit in order to fulfill its statutory monitoring duties.

The only other factor the Court must thus take into account is whether the motion is timely. The Court finds that it is. The determination of timeliness is to be made "from all the circumstances." *NAACP v. New York,* 413 U.S. 345, 366 (1973); *Michigan Ass'n for Retarded Citizens v. Smith,* 657 F.2d 102, 105 (6th Cir.1981). Although applicants' motion comes late in the procedural history of the case, other courts have allowed intervention in the settlement and remedial stage of the litigation. *See Hodgson v. United Mine Workers,* 473 F.2d 118, 132 (D.C.Cir.1972); *Natural Resources Defense Council v. Costle,* 561 F.2d 904, 907–908 (D.C.Cir.1977); *United States v. Oregon,* 745 F.2d 550, 553 (9th Cir.1984).

State applicants maintain that their failure to intervene earlier does not prejudice the rights of existing parties. The settlement agreement already requires the approval of the Michigan Department of Natural Resources. Thus, Michigan's interest in the monitoring should not be a surprise to Kurdziel. Furthermore, the addition of Michigan as a party will clarify its respective role vis-a-vis the United States in monitoring and enforcing the decree. This may eliminate confusion in the long term.[FN3]

IV.

For the reasons stated above, the state applicants' motion for intervention must be granted.

FN1. The state is a person as defined by the act. *See* 42 U.S.C. § 9601(21).

FN2. The U.S. EPA has granted authorization to the State of Michigan to administer an RCRA hazardous waste management program. 51 Fed.Reg. 36804 (October 16, 1986).

FN3. Because the Court finds intervention appropriate under Rule 24(a)(1), it need not consider applicants' motion for intervention made under Rule 24(b).

W.D.Mich.,1991.
U.S. v. Kurdziel Iron Industries
Not Reported in F.Supp., 1991 WL 239992 (W.D.Mich.)

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1991 WL 239992 (W.D.Mich.)
**(Cite as: 1991 WL 239992 (W.D.Mich.))**

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.