UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Sean F. Cox
                                         United States District Court Judge
City of Detroit, *et al.*,             District Court Case No. 77-71100

    Defendants.                       (Related to 6th Circuit Case No. 13-1708)
_____/

## RULING ON REQUEST FOR INDICATIVE RULING, PURSUANT TO FED. R. CIV. P. 62.1

This longstanding case is currently before the Court on a request for an indicative ruling, pursuant to Fed. R. Civ. P. 62.1, on a Joint Motion for Relief under Fed. R. Civ. P. 60(b)(6), filed by the City of Detroit ("the City") and the Detroit Water and Sewerage Department ("the DWSD"). As explained below, having given this matter expedited consideration, **this Court concludes that the motion raises a substantial issue such that remand to this Court is appropriate and necessary at this time.** *See* Fed. R. Civ. P. 62.1(a)(3).

Circumstances have substantially changed since this Court issued the underlying orders in this case and since it issued its March 27, 2013 Opinion and Order that closed this case.

After the City filed its Notice of Appeal on May 22, 2013, the City filed for bankruptcy protection under Chapter 9 of the United States Bankruptcy Code.

During the City of Detroit's bankruptcy proceedings, the Honorable Steven Rhodes ordered the City and other parties to mediate issues concerning the DWSD and the potential creation of a regional authority to manage the DWSD system. The undersigned was appointed

1

as the mediator of those matters.

In September of 2014, the City and the counties of Macomb, Oakland, Wayne, along with the State of Michigan, executed a Memorandum of Understanding ("MOU") to establish a regional water and sewer/storm water authority to be called the Great Lakes Water Authority (the "GLWA"). The GLWA has since been established and it has entered into a lease agreement with the City pertaining to the regional assets of the DWSD system. The lease agreement has been executed, but will not be effective until certain conditions have been met, by no later than January 1, 2016.

Pursuant to the MOU, the GLWA will operate all regional water and sewer systems and make lease payments to the City, to be applied to either the City's local infrastructure improvements or the City's share of DWSD debt service. Thus, the GLWA will operate the main assets of the system, such as water-treatment plants and the wastewater treatment plant. The City will only manage and operate the local water and sewer infrastructure in Detroit. The parties anticipate that by January 1, 2016, the GLWA will be fully operational, operating and managing the main assets of the system, and that a new, scaled-down version of the DWSD ("DWSD-Retail") will be operating only the local infrastructure in Detroit.

Given these changed circumstances, the City and the DWSD are now asking this Court to entertain a Motion for Relief from Judgment, pursuant to Fed. R. Civ. P. 60(b)(6), so that this Court can clarify the applicability of its previous Orders in this case to the City's new local retail water and sewer operation (DWSD-Retail). Because this Court currently lacks jurisdiction to grant such relief due to the City's pending appeal in the United States Court of Appeals for the Sixth Circuit, the City and the DWSD have asked this Court to make an indicative ruling under

Fed. R. Civ. P. 62.1.

Having considered the matter, it appears that at least a portion of the requested relief in connection with the Rule 60(b) Motion should be granted, and that it should be granted without delay. For example, on February 11, 2011, this Court entered a stipulated order in this case that established a *regional* board to govern the DWSD, including representation from Macomb, Oakland, and Wayne counties. (*See* Docket Entry No. 2334). But given that the new DWSD-Retail will only manage and operate the *local water and sewer infrastructure in Detroit*, it no longer makes sense to have regional representation on the board that governs that entity. As such, relief from the February 11, 2011 stipulated order is warranted.

This Court concludes that issues concerning certain other relief in the proposed order requested by the City and the DWSD (*see* Ex. A to Request for Indicative Ruling) must be fully briefed by all interested parties and then considered by this Court before rulings can be made.

At this juncture, however, **the Court concludes that the motion clearly raises a substantial issue, such that remand to this Court is appropriate and necessary at this time.** Moreover, given the timing considerations at issue (ie., the January 1, 2016 date for the GLWA and the DWSD-Retail to begin their respective operations), this request was given expedited consideration by this Court.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 14, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 14, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager
