UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                                  Hon. Sean F. Cox

v.

                                               Case No. 77-71100

City of Detroit, *et al.*,

        Defendants.
_____/

**DEFENDANTS THE DETROIT WATER AND SEWERAGE DEPARTMENT'S AND THE CITY OF DETROIT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR <u>JOINT MOTION FOR RELIEF UNDER RULE 60(b)(6)</u>**

The Detroit Water and Sewerage Department ("DWSD") and the City of Detroit ("City"), by and through their counsel, respectfully supplement their Rule 60(b)(6) motion for an order clarifying the applicability of this Court's previous Orders to the City's retail water and sewer operation that will be restructured in conjunction with the creation of a regional water and sewer authority known as the Great Lakes Water Authority.

Specifically, in their Rule 60(b)(6) motion, DWSD and the City sought to clarify the extent to which the Detroit local systems, after the lease agreements become effective, will be governed by and subject to the prior Orders in this case, especially with respect to provisions that may not be appropriate to apply to the local retail system that the City will operate separate from the Authority's regional

system.  For example, in their Rule 60(b)(6) motion (and the proposed order attached as *Exhibit A* to that motion), DWSD and the City requested a revision to the Court's February 11, 2011 Order clarifying the qualifications of the members of the Board of Water Commissioners.

In this supplemental memorandum, DWSD and the City also request that any revision regarding Board member qualifications specify not only that at least six (6) members of the Board of Water Commissioners shall have at least seven (7) years of experience in the areas of government management, management of an organization, a regulated industry, utilities, customer service, engineering, finance, or law, but also that one (1) member of the Board of Water Commissioners may have at least seven (7) years of experience in community relations or organizing.

This additional requested relief is supported by the factual and legal reasons already set forth in the Rule 60(b)(6) motion.  Given this joint request for further relief as it relates to the Board member qualifications, DWSD and the City have attached a revised proposed order to this supplemental memorandum as Exhibit 1.

Respectfully submitted,

**MILLER CANFIELD PADDOCK AND STONE, P.L.C.**
By: /s/ *Sonal Hope Mithani*
Sonal Hope Mithani (P51984)
Attorneys for the City of Detroit
101 N. Main Street, 7th Floor
Ann Arbor, MI  48104
734-668-7786
mithani@millercanfield.com

**CITY OF DETROIT LAW DEPARTMENT**
By: /s/ *Charles N. Raimi*
Charles N. Raimi (P29746)
Attorneys for the City of Detroit
2 Woodward Avenue, Suite 500
CAYMC
Detroit, MI  48226-3437
raimic@detroitmi.gov

**DYKEMA GOSSETT PLLC**
By: /s/ *Kathryn J. Humphrey*
Kathryn J. Humphrey (P32351)
Mark D. Jacobs (P41878)
Lauren M. Phillips (P74102)
Attorneys for Detroit Water & Sewerage Dept.
400 Renaissance Center, 37th Floor
Detroit, MI  48243
313-568-6848
khumphrey@dykema.com

November 11, 2015

## CERTIFICATE OF SERVICE

    I hereby certify that on November 11, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system which will provide notification to all counsel of record.

                              MILLER CANFIELD PADDOCK AND STONE, P.L.C.
                              By:   /s/ Sonal Hope Mithani
                                     Sonal Hope Mithani (P51984)
                                     Attorneys for the City of Detroit.
                                     101 N. Main Street, 7th Floor
                                     Ann Arbor, Michigan  48104
                                     734.668.7786