# EXHIBIT A

IN THE STATE OF MICHIGAN

COURT OF APPEALS

| | |
|---|---|
| **NICOLA BINNS, JAYNE CARVER SUSAN MCDONALD, GOAT YARD, LLC,** Individually, and on behalf of all others similarly situated, and **END OF THE ROAD MINISTRIES, INC.,** a Michigan Nonprofit Corporation, Individually And on behalf of all others similarly situated. | Case No. 337609 |

    Plaintiffs,

-v-

**CITY OF DETROIT,** a municipal corporation, by itself and through its **WATER AND SEWAGE DEPARTMENT,** its agent, the **DETROIT BOARD OF WATER COMMISSSIONERS** and **GREAT LAKES WATER AUTHORITY,**

    Defendants.

---

| | |
|---|---|
| LISA WALINSKE (P62136) | SONAL HOPE MITHANI (P51984) |
| KATHLEEN GARBACZ (P79901) | CAROLINE B. GIORDANO (P76658) |
| Attorneys for Plaintiffs | Attorneys for Defendants City of Detroit and |
| REDETROIT EAST COMMUNITY | Board of Water Commissioners |
| LAW CENTER, PLLC | MILLER CANFIELD PADDOCK & STONE, PLC |
| 14344 E. Jefferson | 101 North Main Street, 7th Floor |
| Detroit, MI 48215 | Ann Arbor, MI 48104 |
| (313) 461-8440 | (734) 668-7786 |
| lisa@redetroiteast.com | |

ERIC A. BUIKEMA (P58379)
BUIKEMA PLLC
Co-Counsel for Plaintiffs
901 Wilshire Drive, Suite 550
Troy, MI 48084
(248) 247-3300
eric@buikemapllc.com

---

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
PURSUANT TO MCR 3.310**

RECEIVED by MCOA 5/3/2017 10:27:36 PM

PLAINTIFFS, by and through counsel, hereby move for a Preliminary Injunction precluding Defendants from charging them, and all similarly situated citizens, an unconstitutional "rain tax" disguised as a purported service fee, and further enjoining Defendants from taking adverse action against Plaintiffs' or any other similarly situated citizens' real property, or from terminating other essential city services due to Plaintiffs' refusal or inability to pay said tax unless and until such time as it is approved by a majority of qualified electors voting thereon.

In support, Plaintiffs state as follows:

1. Beginning in October 2016, Defendants imposed a purported "Drainage Charge" upon all parcels of real property in the City of Detroit that "drain" into the Defendants' existing combined sewer system.

2. The charge is, ostensibly, a "fee" for rainwater falling, first, from the heavens to any ground within the City of Detroit that is *already connected to its existing combined storm and sewer water system*.

3. Defendants imposed this charge on Plaintiffs' (and other similarly situated citizens') water bills without having first submitting the same to a vote by representatives of the electorate.

4. There is no new or improved service provided in exchange for the "Drainage Charge," nor is there any opportunity to voluntarily decline it. Simply put: if you reside in the City of Detroit you must pay this tax because it rains -- and even if it doesn't.

5. More specifically, the purported "Drainage Charge": (1) bears no reasonable relationship in kind to any specific benefit or service conferred; (2) bears no specific relationship in amount to the value of any purported service or benefit used; (3) is intended and utilized as a

general revenue raising mechanism; (4) does not serve a regulatory purpose, and; (5) is compulsory.

6. The Headlee Amendment to the Michigan Constitution, Article 9 § 31 prohibits units of local government from levying any new tax or increasing any existing tax without prior approval of the electorate.

7. Our Supreme Court directs that, in order for a municipal charge to be considered a valid user fee and not an illegal tax, the fee must: (1) serve a regulatory purpose rather than a means to raise revenue; (2) be reasonable and proportionate to the particularized benefit conferred to the user paying the fee, and; (3) be voluntary. *Bolt v City of Lansing,* 459 Mich 152, 158-59 (1998).

8. None of these legitimizing criteria exist in the present circumstance.

9. On March 25, 2017, Plaintiffs filed this suit on their own behalf and, prospectively, on behalf of the class of all similarly situated persons.

10. The Complaint, the attached exhibits thereto, and its accompanying brief, detail the facts establishing this purported user fee is, in actuality, a tax under established Michigan law.

11. Count II of Plaintiffs' complaint states a valid claim for injunctive relief.

12. The purpose of a preliminary injunction is to "preserve the status quo, so that upon the final hearing the rights of the parties may be determined without injury to either." *Fancy v Egrin*, 177 Mich App 714 (1989). The status quo "is the actual, peaceable, noncontested status which preceded the pending controversy." *Id.*

13. Because the subject new rain tax ("Drainage Charge") is imposed on resident's existing water service bills, one cannot preserve the essential service without also paying for the unconstitutionally imposed one.

14. The representative Plaintiffs, in fact, received shutoff notices for their initial refusal to pay (inability to afford) the new Drainage Charge. *See;* Exhibit 5 to Compl.   14.

15. Termination of essential utility services is recognized as constructive eviction (for which injunctive relief is warranted) under analogous Michigan law. *See; for example* MCL § 600.2918(f).

16. Likewise, Plaintiffs' refusal to pay (inability to afford) the new Drainage Charge gives rise to mandatory, self-executing, lien rights in favor of the municipality against their realty pursuant to MCL § 123.162.

17. Pursuant to MCL § 123.163 the City is empowered to enforce its self-effectuating lien rights in the manner prescribed in its charter for treatment of tax liens. That is, absent injunctive relief from this court, if city residents refuse, or are unable to pay, this unconstitutional rain tax, the City will constructively evict, impair title to and ultimately foreclose upon their homes.

18. Comparatively, restoring the status quo pending outcome of this litigation only requires the City to either: (1) submit the matter to the electorate before permissibly reinstituting its desired charge, or (2) to maintain its already well-established (and long tenured) level of services upon previously sufficient revenue streams.

19. This is a matter of significant public interest in that it is the public of the City of Detroit upon whom this charge is being levied at risk of impediment to their property rights. Likewise, the public interest would be impaired if an injunction is *not* granted inasmuch as inaction here would serve to validate, if even temporarily, the flagrant disregard of democratic principles, embodied in constitutional limitations, imposed on the municipality for the very benefit of the public.

20. An evaluating court weighs four factors in determining whether injunctive relief is warranted: (1) the likelihood that the moving party will be irreparably harmed absent the injunction, (2) whether the harm to the moving party absent the injunction outweighs the harm it would cause to the adverse party, (3) the likelihood that the moving party will prevail on the merits. And (4) whether the public interest will be harmed if the injunction is issued. *Detroit Fire Fighters Ass'n IAFF Local 344 v City of Detroit*, 482 Mich 18, 34 (2008).

21. For the above reasons, and for those articulated in the attached Brief in Support, each of these factors weighs heavily in favor of the issuance of a preliminary injunction.

WHEREFORE, Plaintiffs respectfully request that this court enjoin Defendants from charging the subject rain tax "Drainage Charge" and from taking any adverse action against implicated property owners for their refusal or inability to pay the same pending outcome of this litigation.

Respectfully submitted,

BUIKEMA, PLLC

By: */s/Eric A. Buikema*
Eric A. Buikema (P58379)
901 Wilshire Drive, Suite 550
Troy, MI 48084
(248) 247-3300
eric@buikemapllc.com

Dated: May 1, 2017

RECEIVED by MCOA 5/3/2017 10:27:36 PM

## VERFICATION

I have read the foregoing Motion for Preliminary Injunction, as well as the Complaint filed on my behalf in this action, and I hereby attest that the allegations contained therein are true to the best of my knowledge, Information and belief:

_____     May 1, 2017
NICOLA BINNS

_____     May 1, 2017
JAYNE CARVER

_____     May 1, 2017
SUSAN MCDONALD

RECEIVED by MCOA 5/3/2017 10:27:36 PM